HAMPTON CUTTER, appellant,

*v.*

MILLER KLINE, respondent.

1. The record of a judgment at law imports absolute verity. The court of chancery cannot examine or determine whether it expresses the judicial determination of the court in which it was pronounced, or whether it was entered up, by mistake of the clerk, different from what it ought to have been or was intended to be.

2. A judgment of the circuit court, upon proceedings to enforce a lien claim, may be general or special, or both. If, when the proceedings are against the same person as builder and owner, the record shows a general judgment only, the court of chancery, in the absence of fraud or imposition, cannot directly or indirectly impose the debt involved therein as a lien on the lands in question, on the ground that it ought to have been recorded as a special as well as a general judgment, and was erroneously recorded by mistake of the clerk.

The opinion of the chancellor is reported in *Kline* v. *Cutter,* *7 Stew. Eq. 329.*

*Mr. G. R. Lindsay,* for appellant

*Mr. B. A. Vail,* for respondent.

The opinion of the court was delivered by

MAGIE, J.

The facts of this case are so fully presented in the opinion of the chancellor, that it seems unnecessary to repeat them in detail.

NOTE.—As against a subsequent *bona fide* purchaser or encumbrancer, equity will not relieve against judgments not docketed, through the mistake of the clerk, although taken to him for that purpose, *Landon* v. *Ferguson, 3 Russ. 349 ; Sanchez v. Curriaga, 31 Cal. 170 ; Buchan* v. *Sumner, 2 Barb. Ch. 164 ; McCleary's Appeal, 1 Watts & Serg. 299 ; Koplin* v. *Anderson, 88 Ill. 120 ; Ridley* v. *McGehee, 2 Dev. 40.* See *Foster* v. *Chapman, 4 McCord 291 ; Robertson* v. *Travis, 5 La. Ann. 401 ; Dawson* v. *Scriven, 1 Hill Ch. 177 ; Ferguson* v. *Staver, 40 Pa. St. 213 ; Appleby* v. *Barry, 2 Rob. (N. Y.) 689 ; Cornelius* v. *Grant, 8 Mo. 59.*

In December, 1828, judgment was recovered against one who was after-

Cutter v. Kline.

It will be sufficient, for an understanding of the conclusions arrived at, to state the following facts only.

A judgment in favor of Ayres, Lufbery & Co. was entered against John T. Hewit, in the minutes of the circuit court of Union county. The summons and proceedings were upon a claim, under the mechanics' lien law, previously filed in the clerk's office, and were against Hewit as both builder and owner. The judgment, as entered in the minutes, was both general and special, as permitted by the statute. If such was the judicial determination of the court, it is conceded that the judgment was a lien on the lands described therein, prior to a mortgage thereon

wards found to have been a lunatic in 1828, and the *issue* was docketed, which the officer testified was the only docket shown to persons searching for judgments, and that no further docketing of a judgment was ever made without an application by the attorney. A mortgage given in 1830, by order of the court, on the lunatic's lands, was held prior to the judgment, *Braithwaite* v. *Watts, 2 Cr. & Jer. 318.* See *Mann's Appeal, 1 Pa. St. 24.*

If the officer, in entering a judgment, omits the initial letter in defendant's name, which distinguishes him from other persons of a similar name, whereby a purchaser of defendant's real estate was misled, although the judgment would be binding on the parties thereto, there could be no recovery of the land against such purchaser, *Wood* v. *Reynolds, 7 Watts & Serg. 406; Ridgway's Appeal, 15 Pa. St. 177; Sale* v. *Crompton, 2 Strange 1209; Shirley* v. *Phillips, 17 Ill. 471.* See *Hart* v. *Reynolds, 3 Cow. 39, note; Blossom* v. *Barry, 1 Lans. 190; Geller* v. *Hoyt, 7 How. Pr. 265.*

Defendant's recognizors are bound only for the amount of the judgment as docketed, although by mistake of the prothonotary that amount was much less than the amount actually recovered, *Crutcher* v. *Com., 6 Whart. 340.*

A judgment for $3,000, payable in annual installments of $500, was docketed by the prothonotary for only $500, and subsequent judgment creditors were held entitled to priority of lien on defendant's lands, beyond the $500, *Hance's Appeal, 1 Pa. St. 408; Bear* v. *Patterson, 3 Watts & Serg. 233; Mehaffy's Appeal, 7 Watts & Serg. 200; Hunt* v. *Grant, 19 Wend. 90.*

A mistake in docketing the date on which the judgment was recovered, has been held not to affect its lien, even against subsequent judgment creditors, *Sears* v. *Burnham, 17 N. Y. 445; Fish* v. *Emerson, 44 N. Y. 376; Sears* v. *Mack, 2 Bradf. 394; Edwards* v. *Sams, 3 Bradw. 168.* See *Hodgen* v. *Guttery, 58 Ill. 431; Stedman* v. *Perkins, 42 Me. 130; Neele* v. *Berryhill, 4 How. Pr. 16.*

A bona fide purchaser of lands is not affected by the mistakes of the register in recording a prior deed or mortgage, as in the *description* of the premises, *Chamberlain* v. *Bell, 7 Cal. 292; Sanger* v. *Craigue, 10 Vt. 555; Barnard* v. *Campau, 29 Mich. 162; Barrows* v. *Baughman, 9 Mich. 213; Lally* v. *Holland,*

held by Hampton Cutter. The judgment was assigned to Miller Kline, and was afterward recorded, but only as a general judgment against Hewit. If the record expresses the judicial determination of the court, it is conceded that the judgment became a lien subsequent to the Cutter mortgage. It is admitted in this cause that the recording of the judgment only as general, and not as general and special, was a mistake of the clerk of the circuit court. There was no claim that there was any fraud or imposition on the part of Cutter.

Upon the ground of the admitted mistake in the record, the chancellor decreed that the indebtedness, represented by the

---

1· *Swan 396 ; Baldwin* v. *Marshall, 2 Humph. 116 ; Banks* v. *Ammon, 27 Pa. St. 172 ; Bowen* v. *Galloway, 98 Ill. 41 ; Wait* v. *Smith, 92 Ill. 385 ; Jones* v. *McNarrin, 68 Me. 334 ; Thorp* v. *Merrill, 21 Minn. 336 ; Nelson* v. *Wade, 21 Iowa 49.* See *Brown* v. *Kirkman, 1 Ohio St. 116 ; Merrick* v. *Wallace, 19 Ill. 486 ; Nattinger* v. *Ware, 41 Ill. 245 ; Shore* v. *Larsen, 22 Wis. 142 ; Gaskill* v. *Badge, 3 Lea 144 ; Simonson* v. *Falihee, 25 Hun 570 ;* although' slight mistakes in such description will not avoid or postpone the lien, *Van Pelt* v. *Pugh, 1 Dev. & Bat. 210 ; Hughes* v. *Debnam, 8 Jones 127 ; Woodson* v. *Allen, 54 Tex. 551 ;* or, in the *estate* conveyed, *Miller* v. *Bradford, 12 Iowa 14 ; Brydon* v. *Campbell, 40 Md. 331 ;* or in the *amount* of an encumbrance, *Frost* v. *Beekman, 1 Johns. Ch. 288, 18 Johns. 544 ; Terrell* v. *Andrew Co., 44 Mo. 309 ; Skinner* v. *McDaniel, 5 Vt. 539 ; Succession of Falconer, 4 Rob. (La.) 7 ; Gilchrist* v. *Gough, 63 Ind. 576 ; Ziel* v. *Dukes, 12 Cal. 479 ; Bond* v. *Pacheco, 30 Cal. 530 ; Hance's Appeal, 1 Pa. St. 408, supra.* See *Bell* v. *Fleming, 1 Beas. 13, 490 ;* or in the *name* of the grantor or grantee, *Jennings* v. *Wood, 20 Ohio 261 ; Dubose* v. *Young, 10 Ala. 365 ; Disque* v. *Wright, 49 Iowa 538 ; Blossom* v. *Barry, 1 Lans. 190 ; Burkhalter* v. *Wells, 18 Ga. 367 ; Peck* v. *Mallams, 10 N. Y. 509.* See *Shepherd* v. *Burkhalter, 13 Ga. 443 ; Sinclair* v. *Slawson, 44 Mich. 123 ; Garrard* v. *Davis, 53 Mo. 322 ; Laswell* v. *Presb. Church, 46 Mo. 279 ; Jones* v. *Parks, 22 Ala. 446 ; Jones* v. *Berkshire, 15 Iowa 248 ;* or recording in the *wrong book* of records, or in an out-of-the-way place, *New York Life Ins. Co.* v. *White, 17 N. Y. 469 ; Sawyer* v. *Adams, 8 Vt. 172 ; Lich's Appeal, 44 Pa. St. 519 ;* [overruled in *Glading* v. *Frick, 88 Pa. St. 464*]; *Page* v. *Rogers, 31 Cal. 293 ; King* v. *Young Men's Ass'n, 1 Woods 386 ; Parsons* v. *Lent, 7 Stew. Eq. 67 ; Conklin* v. *Hinds, 16 Minn. 457 ; Gilly* v. *Maass, 28 N. Y. 191 ; James* v. *Morey, 2 Cow. 246 ; Purdy* v. *Huntington, 42 N. Y. 334.* See *Smith* v. *Smith, 13 Ohio St. 532 ; Glading* v. *Frick, 88 Pa. St. 460 ; Paige* v. *Wheeler, 92 Pa. St. 282 ; Hesse* v. *Mann, 40 Wis. 560 ; Switzer* v. *Knapps, 10 Iowa 72 ;* or in the *attestation* clause of the deed, *Pringle* v. *Dunn, 37 Wis. 449 ; Parret* v. *Shaubhut, 5 Minn. 323 ; Williams* v. *Adams, 43 Ga. 407.* See *Whitwell* v. *Emory, 3 Mich. 84 ; Schroder* v. *Keller, 84 Ill. 46 ; Smalley* v. *McKilvain, 14*

Cutter v. Kline.

judgment, should be a lien on the premises, and that, unless Cutter (who had become the owner under a foreclosure and sale upon his mortgage) should pay that indebtedness, the premises should be sold to raise and pay the judgment of Kline before the mortgage of Cutter. This practically established the judgment as general and special, notwithstanding the record.

This decree is objected to on several grounds. The main contention is that the relief granted is not within the power of the court of chancery. The case shows that Kline has unsuccessfully applied to the circuit court for the correction of the record. The hardship of his case, upon the conceded facts, inclines us

---

*Ga. 252;* or, in the omission of the *seals,* from the record, *Starkweather* v. *Martin, 28 Mich. 471; Williams* v. *Bass, 22 Vt. 352; Switzer* v. *Knapps, 10 Iowa 72.* See *Geary* v. *City of Kansas, 61 Mo. 378; Smith* v. *Dale, 13 Cal. 510; Jones* v. *Martin 16 Cal. 165; Hughes* v. *Debnam, 3 Jones 127; Griffin* v. *Sheffield, 38 Miss. 359;* or, the *acknowledgment, Wood* v. *Cochrane, 39 Vt. 544; Taylor* v. *Harrison, 47 Tex. 454.* See *Brooke's Appeal, 64 Pa. St. 127; Tousley* v. *Tousley, 5 Ohio St. 78;* or, the *schedules* annexed to a deed of trust, *McKinnon* v. *McLean, 2 Dev. & Bat. 79;* or, of the date when received for registry, *Metts* v. *Bright, 4 Dev. & Bat. 173.* See *Horsley* v. *Garth, 2 Gratt. 471;* or, that the record is partly *printed, Maxwell* v. *Hartman, 50 Wis. 660;* or in *pencil, Caldwell* v. *Center, 30 Cal. 539.*

An omission of a deed or encumbrance from the index does not impair its lien, since indexing is no part of the registering, *Curtis* v. *Lyman, 24 Vt. 338; Bishop* v. *Schneider, 46 Mo. 472; Mutual Life Ins. Co.* v. *Dake, 1 Abb. N. C. 381; Chatham* v. *Bradford, 50 Ga. 327; Schell* v. *Stein, 76 Pa. St. 398; Comrs.* v. *Babcock, 5 Oreg. 472; Green* v. *Garrington, 16 Ohio St. 548; Temple* v. *People, 6 Bradw. 378; Dodd* v. *Doty, 98 Ill. 393; Jordan* v. *Hamilton Bank, 11 Neb. 499; Peck* v. *Mallams, 10 N. Y. 509.* See *Speer* v. *Evans, 47 Pa. St. 141; Barney* v. *McCarty, 15 Iowa 510; Hunter* v. *Windsor, 24 Vt. 327; Wood's Appeal, 82 Pa. St. 116; Dikeman* v. *Puckhafer, 1 Daly 489; Howe* v. *Thayer, 49 Iowa 154; Benton* v. *Nicoll, 24 Minn. 221; Sternberger* v. *McSween, 14 S. C. 35; Oconto Co.* v. *Jerrard, 46 Wis. 317; Irish* v. *Harvey, 44 Pa. St. 76.*

Equity will not relieve because the judge of the law court sustained complainant's motion for a new trial, but the clerk of that court omitted to enter the judgment on the motion, *McRaney* v. *Coulter, 39 Miss. 390;* nor because the clerk entered a judgment by default, contrary to the statute, *Chipman* v. *Bowman, 14 Cal. 157;* or, *nil dicit,* instead of by the court, *State Bank* v. *Young, 2 Ind. 171;* or, on a verdict, instead of *nil dicit, Bank of Tennessee* v. *Patterson, 8 Humph. 363.*

So, where in docketing a judgment against Palmer Sumner, the clerk

Cutter v. Kline.

to uphold the decree if it be possible. But the question is to be considered not only with reference to the situation of this case, but also with regard to the propriety of permitting the examination of and interference with the recorded judgment of a court.

It will be perceived that the question thus presented is not whether a court of chancery may control or even prohibit the inequitable use of a judgment of a court of law, or the·process issued thereon. Such a power has been long conceded to that court, and beneficially exercised. But the question here is whether the court of chancery may go behind the record of a court of

entered it under P instead of. S, whereby a subsequent lienor was misled, *Buchan* v. *Sumner, 2 Barb. Ch. 164.*

So, where the clerk of the court in which the judgment was entered, did not mark the declaration "filed," and entered "no papers" opposite the name of the case, on the trial list, and afterwards crossed off this entry, *Shepard* v. *Akers, 3 Tenn. Ch. 215.* See *Wooster* v. *McGee, 1 Tex. 17; Laflin* v. *White, 38 Ill. 340.*

Although a *bona fide* purchaser is not affected, the clerk and his sureties are liable, for his errors, to a prior purchaser, *Governor* v. *Dodd, 81 Ill. 162; Shell* v. *Stein, 76 Pa. St. 398; Harlow* v. *Birger, 30 Ill. 425; Terrell* v. *Andrew Co., 44 Mo. 309; Bishop* v. *Schneider, 46 Mo. 472; Gilchrist* v. *Gough, 63 Ind. 587; Smith* v. *Royalton, 53 Vt. 604; Siewers* v. *Com., 87 Pa. St. 15; Douglass* v. *Yallop, 2 Burr. 722.* See *Lovett* v. *Demarest, 1 Hal. Ch. 113; 10 Cent. L. J. 81; Kimball* v. *Connolly, 2 Abb. Ap. Dec. 504; Heriot* v. *McCauley, Riley Ch. 19; Burler* v. *Weller, 14 W. Va. 264; Parkes* v. *Davis, 16 Iowa 20;* and not the attorney of record, *Stephens* v. *Downey, 53 Pa. St. 424.*

Equity has granted relief, however, in the following cases:

Where a clerk entered an appeal in an unusual place on the docket, and the counsel of defendant searched unsuccessfully for it, and then requested the clerk to notify him as soon as the appeal should be entered, which the clerk promised, but neglected to do, *Seymour* v. *Miller, 32 Conn. 402.*

Where a statute required chattel mortgages to be recorded within thirty days after execution, one left for record five days before the expiration of the thirty days, but not recorded by the clerk until two days after the expiration of the thirty, was held good against a subsequent judgment creditor, *McGregor* v. *Hall, 2 Stew. & Port. 397; Harrold* v. *Simonds, 9 Mo. 326.*

Where a statute made mortgages "operative as a record" *from the day of their delivery for record*—*Held,* that an error of the recording officer did not impair its lien for the full amount. *Mims* v. *Mims, 35 Ala. 23; Bank of Kentucky* v. *Haggin, 1 A. K. Marsh. 306; Lyne* v. *Bank of Kentucky, 5 J. J. Marsh.*

Cutter v. Kline.

law, and examine and determine whether the record has been correctly made up by the official charged with that duty, so as to express the judicial determination of the court; and whether, upon its conclusion that the record is erroneous, it may make the judgment other than what the record shows.

No aid in the solution of this question is derived from the fact that the parties in this cause have admitted the mistake, and have thus submitted the matter to a court of equity. Consent cannot confer jurisdiction. If such jurisdiction exists, it extends to all cases. It will justify a court of equity in taking proof to determine whether or not the official recorder of another court

---

545; McGowen v. Hoy, 5 Litt. 239; Breckinridge v. Todd, 3 Mon. 52; Polk v. Cosgrove, 1 Biss. 437; Riggs v. Boylan, Id. 445; Brown v. Kirkman, 1 Ohio St. 116; Beverly v. Ellis, 1 Rand. 102; Nichols v. Reynolds, 1 R. I. 30; Cook v. Hall, 6 Ill. 575; Craig v. Dimock, 47 Ill. 308; Throckmorton v. Price, 28 Tex. 605; Williams v. Birbeck, Hoffm. Ch. 359; Brooke's Appeal, 64 Pa. St. 127; Wood's Appeal, 82 Pa. St. 116; Gorham v. Summers, 25 Minn. 81; Clader v. Thomas, 89 Pa. St. 343; Phillips v. Campbell, 1 Tenn. 235; Worcester Bank v. Cheney, 87 Ill. 602; State v. Rogillio, 30 La. Ann. 833; Lawton v. Gordon, 37 Cal. 202; Warnock v. Wightman, 1 Brev. 331; Donald v. Beals, 57 Cal. 399. See Hickman v. Perrine, 1 Coldw. 135; Handley v. Howe, 22 Me. 560; McLarren v. Thompson, 40 Me. 284; Whalley v. Small, 25 Iowa 184; International Ins. Co. v. Scales, 27 Wis. 640; Johnson v. Burden, 40 Vt. 567; Kiser v. Heuston, 38 Ill. 252; Sternberger v. McSween, 14 S. C. 35; Scott v. Doe, 1 Hempst. 275.

So, where the death of the clerk prevented timely registry, Moore v. Collins, 3 Dev. 126.

An endorsement "Filed &c.," by a deputy or one in charge in the clerk's place, will not invalidate the registry. Bishop v. Cook, 13 Barb. 326; Oats v. Walls, 28 Ark. 244; Cook v. Hall, 1 Gilm. 575; Dodge v. Trotter, 18 Barb. 193; Wade on Notice ₹ 146; Tousley v. Tousley, 5 Ohio St. 79; Farmers Bank v. Chester, 6 Humph. 458; Beaumont v. Yeatman, 8 Humph. 542; Maley v. Tipton, 2 Head 403; Muller v. Boggs, 25 Cal. 175; otherwise, if the endorsement &c. be by one without any authority whatever, Wilson v. Eifler, 11 Heisk. 179; Montgomery v. Buck, 6 Humph. 416; Smith v. Brannan, 13 Cal. 107; Taliaferro v. Pryor, 12 Gratt. 277.

That a clerk, by mistake, entered two recognizances against complainant instead of one, and the plaintiff below recovered a judgment against complainant on the second recognizance, after a recovery on the first one, is ground for relief, Collier v. Easton, 2 Mo. 145; but that the clerk wrote the word "plaintiff" in entering a judgment, instead of "defendant," is no ground, Coop v. Northcutt, 54 Mo. 123.

Cutter *v.* Kline.

has properly performed his duty.   Since such a recorder is bound to enter in the record only the judicial determination of the court, the jurisdiction now under discussion must include the power to examine and decide what the judicial determination of the court in fact was, and that not by the record but by evidence *aliunde.*

Considering the judgment in question, without reference to its peculiar character under the mechanics' lien law, there are certain rules which are fundamental, and so established as to need no citation of authorities.   Respecting the record of judgments, two questions may be raised.   One respects the jurisdiction of

Clerical mistakes in entering judgments on mechanics' liens are amendable, *Horstkotte* v. *Menier, 50 Mo. 158 ; Mann* v. *Schroer, Id. 306.*

Equity has refused to enjoin a judgment at law, on account of the following defects :

AFFIDAVITS.

In attachment failing to state that plaintiff's was "a just claim," *Ludlow* v. *Ramsey, 11 Wall. 581 ; Turner* v. *Breeden, 2 Lea 713.*   In a criminal proceeding being invalid, *Joseph* v. *Burk, 46 Ind. 59 ; Schroal* v. *Madison, 49 Ind. 329.*

To enter a judgment on bond and warrant, not setting out the true consideration of the debt, *Jackson* v. *Darcy, Sax. 194; Cammack* v. *Johnson, 1 Gr. Ch. 163, 172 ; Stratton* v. *Allen, 1 C. E. Gr. 229 ; Reiley* v. *Johnston, 22 Wis. 279.*

AMENDMENTS.

Because an amended attachment included lands privately sold by the defendant therein, pending the original attachment, *Tilton* v. *Cofield, 93 U. S. 163.*

JURISDICTION.

Because the court in which the judgment was recovered had no jurisdiction, *Hart* v. *Lazaron, 46 Ga. 396 ; Ansley* v. *Glendening, 56 Ga. 286 ; Grass* v. *Hess, 37 Ind. 193.*   See *Hoagland* v. *Creed, 81 Ill. 506 ; Blackburn* v. *Bell, 91 Ill. 434 ; Wilson* v. *Sparkman, 17 Fla. 871 ; Howard* v. *Pierce, 38 Mo. 296.*

PARTIES.

Because an executor sued his co-executor at law, *McDowall* v. *McDowall, 1 Bail. Eq. 324.*

Because no guardian *ad litem* had been appointed to defend an infant, *Lemon* v. *Sweeny, 6 Brad. 507 ; Drake* v. *Hanshaw, 47 Iowa 291.*   See *Johnson* v.

Cutter *v.* Kline.

the court over the subject matter adjudicated upon. The other relates to the existence of the adjudication. The latter question is to be tried only by the record. If jurisdiction be admitted, the record is said to import absolute verity, and no averment or proof to the contrary can be received.

This rule excludes even the minutes of the court whose record is under consideration, if offered to contradict the record. *Den* v. *Downam, 1 Gr. 135.*

I cannot think any doubt can exist that the decree in this case violates these rules. The record is admitted; the jurisdiction of the circuit court over the subject matter has not been

---

*Wright, 27 Ga. 555; Colley* v. *Duncan, 47 Ga. 668; Bailey* v. *McGinniss, 57 Mo. 362.*

Because the summons was issued against G. H. G., administrator of J. G., and served on J. H. G., who was the administrator of J. G., *Graham* v. *Roberts, 1 Head 56.*

Because an attachment issued against a seaman while at sea, *Bissell* v. *Bozman, 2 Dev. Eq. 154; Norris* v. *Campbell, 27 Md. 688.*

Because an executor of one whose lands were sold to pay debts had not been joined in the action, although he had been joined in the subsequent *sci. fa., Eyster's Appeal, 65 Pa. St. 473.*

Because judgment had been confessed by one partner for the firm in a suit pending against them, *Howe* v. *Woolsey, 2 Edw. Ch. 289.*

Because infants had not been joined in proceedings to enforce a note given for the purchase-money of the infants' land at an orphans court sale, although they had been parties to the original proceedings, *Chambers* v. *Penland, 78 N. C. 53.*

Because the plaintiff at law was dead before judgment was recovered in his name, *Williamson* v. *Applebury, 1 Hen. & Munf. 206; Coleman* v. *McAnulty, 16 Mo. 173.*

Because process was served on the wrong party, who made no defence, *Chisholm* v. *Anthony, 2 Hen. & Munf. 13; Givens* v. *Tidmore, 8 Ala. 746.*

Because judgment was given against "M. & S., partners &c.," *McIndoe* v. *Hazelton, 19 Wis. 567.*

Summons.

Because defectively served, as appears by its return, *Coon* v. *Jones, 10 Iowa 131; Goolsby* v. *St. John, 25 Gratt. 146; Harris* v. *Gwin, 10 Sm. & Marsh. 563; Price* v. *Simol, 6 Cal. 294.* See *Kibbe* v. *Benson, 17 Wall. 624.*

Because served out of the bailiwick, and the sheriff failed to return *non est,* as he promised the defendant therein, *Gardner* v. *Jenkins, 14 Md. 58.* See *Higgins* v. *Bullock, 73 Ill. 205.*

Cutter *v.* Kline.

questioned, and is in fact unquestionable, and the record expresses a complete judicial determination. The decree invades the record, and assumes the right to determine that it is not the verity it imports to be. In this respect, I conceive it to be an entire innovation upon the recognized rules regulating the mode of dealing with judgments at law by courts of equity.

Lord Chancellor Ellesmere, between whom and Lord Coke occurred the memorable contest respecting the right of equitable interference with proceedings at law, has laid down the principles on which such interference would be justified. *Earl of Oxford's Case, and the note in 2 Lead. Cas. in Eq. 76.* He said:

Because never served, although the sheriff had returned otherwise, *Secor* v. *Woodward, 8 Ala. 500 ; Crafts* v. *Dexter, Id. 797 ; Fowler* v. *Lee, 10 Gill & Johns. 358 ; Gregory* v. *Ford, 14 Cal. 138 ; Partin* v. *Luterloh, 6 Jones Eq. 341 ; Mason* v. *Miles, 63 N. C. 564 ; Walker* v. *Robbins, 14 How. (U. S.) 584 ; Comstock* v. *Clemens, 19 Cal. 77 ; Stites* v. *Knapp, 1 Ga. Dec. 36 ; Gates* v. *Lane, 44 Cal. 392.* But see *Lucas* v. *Waller, Morris 303 ; Stubbs* v. *Leavitt, 30 Ala. 352 ; Robinson* v. *Reid, 50 Ala. 69 ; Martin* v. *Parsons, 49 Cal. 94 ; Grass* v. *Hess, 37 Ind. 193 ; Givens* v. *Campbell, 20 Iowa 79 ; Ridgeway* v. *Bank, 11 Humph. 523 ; Bell* v. *Williams, 1 Head 229 ; Southern* v. *Croft, 43 Miss. 508 ; Cooper* v. *Tyler, 46 Ill. 462 ; Ryan* v. *Boyd, 33 Ark. 778 ; McNeill* v. *Edie, 24 Kan. 108 ; Connell* v. *Stelson, 33 Iowa 147.*

Because a non-resident defendant was enticed into the state, and then served, *Marsh* v. *Bast, 41 Mo. 493.*

Because the sheriff's return was irregular, *Bolling* v. *Anderson, 1 Tenn. Ch. 136 ; Logan* v. *Hillegas, 16 Cal. 200.*

Because there was no revenue stamp attached, *Wilsey* v. *Maynard, 21 Iowa 107.*

Because there was no seal attached, *Logan* v. *Hillegas, 16 Cal. 200.*

Because it was returnable, and returned, in four days instead of five, *Ballinger* v. *Tarbell, 16 Iowa 491.*

Because defendant was privileged from arrest when process was served on him, *Peters* v. *League, 13 Md. 58 ; Gage* v. *Clark, 22 Ind. 163.*

Because the defendant, although served, was misnamed, *Graham* v. *Roberts, 1 Head 56 ; Swain* v. *Sampson, 6 La. Ann. 799.*

PLEADINGS.

Because there was no state of demand, *Jackson* v. *Darcy, Sax. 194.*

Because the state of demand was informal, *Burk* v. *Wheat, 22 Kan. 722.*

TRIAL.

Because without a jury, as required by statute, *Blanck* v. *Speckman, 23 La. Ann. 146 ; Maxwell* v. *Stewart, 22 Wall. 77.*

Cutter v. Kline.

"In this case [where there had been a judgment at law] there is no opposition to the judgment, neither will the truth or justice of the judgment be examined in this court, nor any circumstance depending thereupon, but the same is justified and approved." He further expresses this conclusion: "When a judgment is obtained by oppression, wrong or a hard conscience, the chancellor will frustrate and set it aside, not for any error or defect in the judgment, but for the hard conscience of the party." From that time the distinction thus laid down has, so far as I can find, been sedulously adhered to. The jurisdiction of courts of chancery in this respect has been confined to cases where fraud

Because of an adjournment by a justice for a time longer than the statute allowed, *Ewing* v. *Nickle*, *45 Md. 413.*

Because two causes were consolidated without an order of the court, *Saunders* v. *Albritton, 37 Ala. 716.*

Because a change of venue was allowed on an insufficient affidavit, *Triplett* v. *Scott, 5 Bush 81.*

Because a continuance was refused illegally, *Hamilton* v. *Dobbs, 4 C. E. Gr. 27* ; *Western* v. *Woods, 1 Tex. 1; Naylor* v. *Phillips, 2 Stew. & P. 58 ; Syme* v. *Montague, 4 Hen. & Munf. 180.*

Because a justice adjourned without designating a time or place for trial, and afterwards gave judgment without notice, *Crandall* v. *Bacon, 20 Wis. 639.* See *Devinney* v. *Mann, 24 Kan. 682.*

Because moved by the plaintiff, in violation of a verbal agreement between the attorneys for its continuance, *Ableman* v. *Roth, 12 Wis. 81.* See *How* v. *Mortell, 28 Ill. 478 ; Foote* v. *Despair, 87 Ill. 28 ; Kent* v. *Ricards, 3 Md. Ch. 392 ; Booth* v. *Stamper, 6 Ga. 172.*

That one of complainant's important witnesses testified erroneously because he was intoxicated, *Governor* v. *Barrow, 13 Ala. 540.*

Because competent evidence was excluded, *Stockton* v. *Briggs, 5 Jones Eq. 309 ; Dunn* v. *Fish, 8 Blackf. 407 ; Beavan* v. *Monroe, 7 Leigh 364; Merritt* v. *Baldwin, 6 Wis. 439; Vaughn* v. *Johnson, 1 Stock. 173 ; Hart* v. *Life Assn., 54 Ala. 495.* See *Ambler* v. *Wild, 2 Wash. ( Va.) 36 ;* [denied in *Fentress* v. *Robins, N. C. Term 177] ;* or incompetent admitted, *Merritt* v. *Baldwin, 6 Wis. 439.*

Because complainant had been deprived of a new trial at law through the judge's omission and neglect to take down the evidence, *Dibble* v. *Truluck, 12 Fla. 185.*

Because a new trial was erroneously denied, *Smith* v. *Lowry, 1 Johns. Ch. 320 ; Camman* v. *Traphagen, Sax. 28, 230; Reynolds* v. *Houne, 12 B. Mon. 234; Haughey* v. *Strang, 2 Port. 177 ; Meredith* v. *Benning, 1 Hen. & Munf. 584; Chapman* v. *Scott, 1 Cranch C. C. 303; Railroad Co.* v. *Neal, 1 Woods 353; Holmes* v. *Steele, 1 Stew. Eq. 173.*

Cutter v. Kline.

or a hard conscience had either obtained an inequitable judg-ment, or were making inequitable use of a judgment. I can find in no case an assertion of a right to examine and determine whether the judicial determination of a court is other than that its record shows.

In the opinion of the chancellor, but one case is cited in sup-port of this power. It is the case of *Loss* v. *Obry*, decided by Chancellor Zabriskie, and reported in *7 C. E. Gr. 52*. Upon examination it will be found that what was decided in that case cannot be considered authority for the assertion of power con-tained in this decree. The bill was filed to reform two deeds on

Because the court of law had mistaken or overlooked material facts in the record, *Russell* v. *Slaton, 38 Ga. 195; Cameron* v. *Bell, 2 Dana 328.*

Because the court ruled out a plea that plaintiff had verbally agreed to surrender the bond on which the action was brought, *Moore* v. *Dial, 3 Stew. (Ala.) 155; Parker* v. *Holmes, 4 N. H. 97; Dow* v. *Tuttle, 4 Mass. 414.* See *French* v. *Garner, 7 Port. 549; Strong* v. *Hopkins, 1 Mo. 530; Mewborn* v. *Glass, 5 Humph. 520; Gwinn* v. *Newton, 8 Humph. 710; Hibbard* v. *Eastman, 47 N. H. 507; Blakesley* v. *Johnson, 13 Wis. 530; Gibbons* v. *Scott, 15 Cal. 284; Metler* v. *Metler, 4 C. E. Gr. 467.*

Because complainant neglected to move for a new trial at law, within the time limited there, *Bateman* v. *Willoe, 1 Sch. & Lef. 201; Jones* v. *Watkins, 1 Stew. (Ala.) 81.*

Because defendant was unable to attend the trial at law, owing to public excitement and danger, *George* v. *Tutt, 36 Mo. 141.* See *Coffee* v. *Nealy, 2 Heisk. 304; Harvey* v. *Seashol, 4 W. Va. 115;* or, an epidemic, *Townsend* v. *Branch Bank, 9 Ala. 120;* or, threats of bodily harm, *Duncan* v. *Gibson, 45 Mo. 352.*

Because a third person stated to complainant that he had arranged the mat-ter with the plaintiff below, who afterwards took a judgment by default, *Gam-ble* v. *Campbell, 6 Fla. 347; Walker* v. *Shreve, 87 Ill. 474.*

JUDGMENT.

Because entered by confession in vacation, contrary to the statute, *De Riemer* v. *Cantillon, 4 Johns. Ch. 85.*

Because entered on a motion, after the expiration of the statute allowing such entries, *Turpin* v. *Thomas, 2 Hen. & Munf. 139.* See *Joseph* v. *Burk, 46 Ind. 59.*

Because entered for more than was due the plaintiff therein, *Greames* v. *Strithe, 2 Dick. 469; Goolsby* v. *St. John, 25 Gratt. 146; Rust* v. *Ware, 6 Gratt. 50; Woods* v. *Macrae, Wythe 253; King* v. *Vaughn, 8 Yerg. 60; Benton* v. *Roberts, 3 Rob. (La.) 224; Palmer* v. *Malone, 1 Heisk. 549; Stinson* v. *Hill, 21*

Cutter *v.* Kline.

account of a mistake, whereby more land was conveyed than was intended and agreed. One of the deeds had been made by a special guardian of infants. He had, under the statute, reported the sale to the chancellor. The report had been confirmed and a deed directed to be made. The deed was in conformity with the order of confirmation and the report. The mistake originated in the report, the guardian having reported an agreement with the defendants in the bill for the sale of the whole of the infants' land, when in fact the agreement was for the sale of a part only. The order of confirmation and the proceedings not only were in the court of chancery and within the control of the

*La. Ann. 560; Yantis* v. *Burdett, 3 Mo. 457; Bank of Tennessee* v. *Patterson, 8 Humph. 363.* See *Jones* v. *Neely, 82 Ill. 71; Scriven* v. *Hursh, 39 Mich. 98; Babcock* v. *McCamant, 53 Ill. 214; Hodges* v. *Planters Bank, 7 Gill & Johns. 306; Chase* v. *Manhardt, 1 Bland 533; Blizzard* v. *Bross, 56 Ind. 74.*

Because entered on bonds issued under a law admitted to be unconstitutional, *Cassel* v. *Scott, 17 Ind. 514.* See *Reeves* v. *Cooper, 1 Beas. 223; Strong* v. *Daniel, 5 Ind. 348; Thomas* v. *Phillips, 4 Sm. & Marsh. 358; Green* v. *Robinson, 5 How. (Miss.) 80.*

Because by default against a corporation without an inquiry, contrary to the statute, *Boyd* v. *Chesapeake Canal, 17 Md. 195.*

Because entered against only one of two defendants, *Robb* v. *Halsey, 11 Sm. & Marsh. 140; Caldwell* v. *Stephens, 57 Mo. 589.*

Because entered against an executrix, individually, *Glenn* v. *McGuire, 3 Tenn. Ch. 695; Leonard* v. *Collier, 53 Ga. 387.*

Because entered at a wrong term, *Shricker* v. *Field, 9 Iowa 366.*

Because destroyed by casualty, *Garret* v. *Lynch, 45 Ala. 204.* See *Scott* v. *Watson, 3 Tenn. Ch. 652; Crim* v. *Handley, 94 U. S. 652; Cyrus* v. *Hicks, 20 Tex. 483; Chambers* v. *Warren, 6 B. Mon. 244; 6 Cent. L. J. 101.*

Because entered before the return day of the summons, *Davis* v. *Staples, 45 Mo. 567.*

Because a justice of the peace rendered a judgment "by default," *Hunter* v. *Hoole, 17 Cal. 418.*

Because rendered against the defendant "*et al.*," and at chambers, and not in term-time, *Sanchez* v. *Carriaga, 31 Cal. 170.*

Because there is a variance between the bond and warrant and their recital in the judgment confessed thereon, *Marshall* v. *Hart, 4 Minn. 450.*

Because signed at chambers without complainant's consent, *Rust* v. *Faust, 15 La. Ann. 477.*

Because entered against a firm after the death of one partner, *Lucas* v. *Bank of Darien, 2 Stew. (Ala.) 280, 322.*

Because not entered by a justice until the day after the verdict had been rendered, *Stokes* v. *Knarr, 11 Wis. 389.* See *Wiley* v. *Southerland, 41 Ill. 25.*

35

chancellor, but they were, on their face, entirely correct.    There was no error in the determination of the court or in its record. The error was that of the infants, or their representative, of which the defendants sought to take an unconscionable advantage.    Relief was therefore properly granted.

In the opinion in that case, Chancellor Zabriskie declared that mistakes in the records of courts may be corrected by a court of equity.    An examination of the cases he cited in support of the declaration will render it manifest that he did not intend to be understood as referring to other mistakes than such as appeared in the case then before him—that is, mistakes not of the court or its officials, but of the parties.

Because given against a garnishee, although no proceedings had been taken against the defendant beyond serving him with process, *Earl* v. *Matheney, 60 Ind. 202.*

Because founded on a British debt, which, by statute, was uncollectible, *Terrel* v. *Dick, 1 Call 546.*

Because a debt was divided so as to give an inferior court jurisdiction over two actions thereon, *Pryor* v. *Emerson, 22 Tex. 162.*

Because the damages in a judgment by default in tort are excessive, *Walker* v. *Shreve, 87 Ill. 474; Smith* v. *Lowry, 3 Mon. 420.* See *Anderson* v. *Fox, 2 Hen. & Munf. 245; Lewis* v. *Wyatt, 2 Rand. 44.*

EXECUTION.

Because the property levied on had been released by a written agreement between the parties, *Kendall* v. *Dow, 46 Ga. 607.*

Because after two abortive attempts to claim a homestead exemption, the sheriff refused to entertain a third, which was correct in form, *Platt* v. *Sheffield, 63 Ga. 627.*

Because plaintiff promised the defendant, who was a surety only, that he would issue no execution against him, if he (the defendant) would make no defence to the action, and afterwards issued it, *Mitchell* v. *Boyer, 58 Ind. 19.*

Because, by agreement, a judgment was to be paid within a specified time, and the plaintiff issued an execution before the expiration thereof, *Anamoza* v. *Wurzbacher, 37 Iowa 25; Hibbard* v. *Eastman, 47 N. H. 507.*

Because more than one was issued, irregularly, *Wagner* v. *Peques, 10 Rich. (N. S.) 259; Elliott* v. *Elmore, 16 Ohio 27; Gregory* v. *Ford, 14 Cal. 138; Laselle* v. *Moore, 1 Blackf. 226.* See *Williams* v. *Wright, 9 Humph. 493; Huntington* v. *Bell, 2 Port. 51; Edgar* v. *Clevenger, 1 Gr. Ch. 258; Babcock* v. *McCamant, 53 Ill. 214; Yantis* v. *Burdett, 3 Mo. 459.*

Because the judgment was obtained against the sheriff for the proceeds of

Cutter *v.* Kline.

Thus, in *Waldron* v. *Letson, 2 McCart. 126*, the representatives of a mortgagor were enjoined from proceedings to recover lands intended and supposed to have been included in the mortgage. The mortgage had been foreclosed, and a sale of the land therein described had occurred and a deed had been made thereon. All parties supposed that the description included the land in question, when in fact it did not. The record and decree were therefore entirely correct. The error antedated the proceedings, and was participated in by all parties.

In *De Riemer* v. *Cantillon, 4 Johns. Ch. 85*, the mistake corrected occurred in a sheriff's deed, which did not include all the premises actually sold.

a sale, which had been afterwards set aside for his false return, *Tutt* v. *Ferguson, 13 Kan. 45.*

Because only three days' notice of the seizure of lands was given, whereas defendant was entitled to five, *Morgan* v. *Whiteside, 14 La. 277.*

Because no judgment had been obtained, *Laselle* v. *Moore, 1 Blackf. 226.*

Because defendant died before the teste of the writ, *Shottenkirk* v. *Wheeler, 3 Johns. Ch. 275 ; Perkins* v. *Bullinger, 1 Hayw. 367.* See *Meek* v. *Bunker, 33 Iowa 169.*

Because a *ca. sa.* issued for a fine and costs without a prior *fi. fa., Atty.-Gen.* v. *Baker, 9 Rich. Eq. 521.*

Because a *sci. fa.* after a *ca. sa.* was returned at a wrong term, *Nicholson* v. *Patterson, 6 Humph. 394.*

Because never legally levied, *Baine* v. *Williams, 10 Sm. & Marsh. 113.*

Because the sheriff made no report of sale under a foreclosure, *Rogers* v. *Holyoke, 14 Minn. 220.*

Because issued more than ten years after the judgment had been recovered, contrary to the statute, *Hanson* v. *Johnson, 20 Minn. 194.*

Because several lots of land were sold together instead of separately, *Cavenagh* v. *Jakeway, Walk. (Mich.) 344.*

Because it had no seal, *Jilsum* v. *Stebbins, 41 Wis. 235.*

Because issued for a sum larger than the judgment, *Ibid. ; Barrow* v. *Robichaux, 14 La. Ann. 207 ; Walker* v. *Villaraso, 26 La. Ann. 42 ; Robb* v. *Halsey, 11 Sm. & Marsh. 140.*

Because possession had not been delivered, by the sheriff, under a *hab. fac.,* although his return so stated, *Baker* v. *Morgan, 2 Dow 526.*

Because the value of the property seized exceeded the justice's jurisdiction, *Davis* v. *Staples, 45 Mo. 567 ; Saunders* v. *Albritton, 37 Ala. 716.* See *Breckinridge* v. *McCormick, 43 Ill. 491 ; Stroud* v. *Humble, 1 La. Ann. 310.*

Because the defendant is misnamed, *Wilton Town Co.* v. *Humphrey, 15 Kan. 372.*

Cutter v. Kline.

In *Barnesly* v. *Powel*, *1 Ves. Sr. 119, 284,* a will which had been admitted to probate in the ecclesiastical courts, had, upon a bill in chancery and an issue at law, been found to be forged. The probate had been procured upon a written consent of the complainant, which the chancellor held had been fraudulently extorted. Lord Hardwicke expressly admits inability to interfere with the decree of probate, but he directed the defendants to appear before the ecclesiastical court and consent to a revocation of the probate.

I do not find in these or in any other cases which I have discovered, any assertion of a right on the part of a court of equity

Because issued on a docketed justice's judgment, which is void on its face, *Gates* v. *Lane, 44 Cal. 392, 49 Cal. 266.*

Because issued in the name of an administrator, on a judgment recovered by his intestate, without a *sci. fa., Ammons* v. *Whitehead, 31 Miss. 99 ; Egbert* v. *Mercer, 66 Ind. 305.*

Because the lands levied on and threatened with sale had not been appraised, *Robinson* v. *Chesseldine, 5 Ill. 332.*

Because defendant's personal property had been seized without exhausting his lands, *Farrell* v. *McKee, 36 Ill. 225.*

Because the sheriff threatened to apply the proceeds of sale to satisfy junior liens on the lands sold, *Chittenden* v. *Rogers, 42 Ill. 95.*

Because defendants had agreed as to the portion of the judgment each would pay, *Skinner* v. *Barney, 19 Ala. 698 ; Knight* v. *Cheny, 64 Mo. 513.* See *Thompson* v. *Nat. Bank, 106 Mass. 128.*

Because the judgment had been reversed, *Fahs* v. *Roberts, 54 Ill. 192 ; McJilton* v. *Love, 13 Ill. 487.* See *Goodwin* v. *Williams, 5 Grant Ch. 178.*

Because issued prematurely, *Dayton* v. *Commercial Bank, 6 Rob. (La.) 17 ; Laselle* v. *Moore, 1 Blackf. 226 ; Sowle* v. *Pollard, 14 La. Ann. 287.*

Because the return of the advertisement and sale of lands, was irregular, *Wilson* v. *Miller, 30 Md. 82.*

Because the return stated that the sheriff had levied on *part* of a tract of land, *Waters* v. *Duvall, 6 Gill & Johns. 76, 11 Id. 37 ; Nelson* v. *Turner, 2 Md. Ch. 73.*

Because issued before the entry of a *remittitur* below, after an appeal, *Savoie* v. *Thibodaux. 29 La. Ann. 511.*

APPEAL.

Because a valid judgment had been affirmed on a void appeal, *Boone* v. *Poindexter, 12 Sm. & Marsh. 640.*

Because the justice left the state three days after the trial before him, and did not return until after the time for appealing had elapsed, *Smith* v. *De Lashmutt, 4 Mo. 103.*

Cutter *v.* Kline.

to question the regularity of a judgment at law, or to adjudge that the record thereof does not express the judicial determination of the court.

My conclusion therefore is, that if this judgment were one of an ordinary character, the record must be accepted by every other court as truly expressing the adjudication of the court, and cannot be examined into or contradicted. If there be any error, the court, whose record it is, has power to correct it.

But the judgment in question is in fact one of a peculiar character. It was rendered in proceedings taken to enforce a mechanics' lien claim. The right to such a lien is purely the

Because the judgment was rendered more than thirty days after the trial, instead of within three days, whereby complainant lost an appeal, *Sauer* v. *Kansas, 69 Mo. 46.*

Because pending one writ of error another had been issued, and the judgment affirmed thereon, *McClune* v. *Colclough, 6 Ala. 492.*

Because a judgment had been prematurely affirmed, *McCollum* v. *Prewitt, 37 Ala. 573.*

Because an appeal on a mechanics' lien does not qualify it as notice to a purchaser under a subsequent judgment, *Julien Gas Light Co.* v. *Hurley, 11 Iowa 520.*

Because complainant's counsel took an appeal, when an application for a new trial was proper, *Yancey* v. *Downer, 5 Litt. 8 ; Richmond R. R.* v. *Shippen, 2 Patt. & H. 327.*

Equity has interfered, however, in the following instances:

Where four jurors testified that they would not have found any damages in an action of slander, but for the impression that their opinions were governed by the majority, *Cochran* v. *Street, Wythe 133.* See *Sumner* v. *Whitley, 1 Mo. 708.*

Because a court of law refused to open its judgment, in order that the defendant therein might set up usury in the instrument on which the judgment was founded, *Wistar* v. *McManes, 54 Pa. St. 318 ; Fanning* v. *Dunham, 5 Johns. Ch. 122 ; Hill* v. *Reifsnider, 46 Md. 555.*

Because commissioners appointed by the orphans court, under a testator's direction, to assign a widow's dower out of several lots, erroneously assigned it out of only one lot, *Baynard* v. *Norris, 5 Gill 468.* But see *Pardue* v. *West, 1 Lea 729.*

Where, by a mistake in printing the record of the court of appeals, establishing a will, the will is changed so that a conditional devise is given absolutely, the person affected thereby not having been a party to the suit, *Byrne* v. *Edmonds, 23 Gratt. 200.*

Cutter *v.* Kline.

creature of statute. However meritorious the claims of mechanics and material-men may be, there is no such equity in them as requires them to be preferred as liens, except as provided by the statute. They are, however, thus accorded a preference by way of lien, and such lien, when properly filed, may be enforced by proceedings taken in the mode, within the time and before the tribunal designated by the statute. The tribunal provided by the statute for the enforcement of such a lien is the circuit court of the county in which the building is. The owner of the lands, at the time of its enforcement, must be a party to the proceeding. But the lien, if enforced, dates back to the commencement

Because the judgment was rendered for too small an amount—even after satisfaction, *Barthell* v. *Roderick, 34 Iowa 517 ; Partridge* v. *Harrow, 27 Iowa 96; Cohen* v. *Dubose, Harp. Ch. 102; Chapman* v. *Hurd, 67 Ill. 234; Gump's Appeal, 65 Pa. St. 476 ; Vilas* v. *Jones, 1 N. Y. 283; Wilson* v. *Boughton, 50 Mo. 17.*

Where a judgment in ejectment had been recovered against complainant, because the clerk's certificate of the record of complainant's deed was October, 1823, instead of October, 1822, as, in fact, it should have been, *Hiatt* v. *Calloway, 7 B. Mon. 178.* See *Munroe* v. *Eastman, 31 Mich. 283 ; Musser* v. *Hyde, 2 Watts & Serg. 314.*

Because a sheriff, by mistake, attached lot 268 instead of 287, *Wardlaw* v. *Wardlaw, 50 Ga. 544; Robins* v. *Swain, 68 Ill. 197.* See *Corles* v. *Lashley, 2 McCart. 116.*

Because notice of the judgment was not given to the defendant therein three days before issuing execution, as required by statute, *Lapene* v. *McCan, 28 La. Ann. 749; Greene* v. *Johnson, 21 La. Ann. 464.* See *Walker* v. *Villaraso, 26 La. Ann. 42.*

Because the plaintiff had promised to suspend or forego proceedings at law, but nevertheless took judgment, *Wierich* v. *De Zoya, 7 Ill. 385; Brooks* v. *Whitson, 7 Sm. & Marsh. 513 ; Huggins* v. *King, 3 Barb. 616 ; Pearce* v. *Olney, 20 Conn. 544; Webster* v. *Skipwith, 26 Miss. 341; Pelham* v. *Moreland, 11 Ark. 442 ; Purviance* v. *Edwards, 17 Fla. 140 ; Stanton* v. *Embry, 46 Conn. 65, 595 ; Bresnehan* v. *Price, 57 Mo. 422; Cage* v. *Cassidy, 23 How. 109 ; O'Neill* v. *Browne, 9 Irish Eq. 131; Gainesborough* v. *Gifford, 2 P. Wms. 424; Gillett* v. *Booth, 6 Bradw. 423; Gibby* v. *Hall, 12 C. E. Gr. 282.* But see *Butman* v. *Forshay, 21 La. Ann. 165 ; Marsh* v. *Lasher, 2 Beas. 253.*

Because after a summons had been returned *non est*, as defendant therein knew, the plaintiff persuaded the sheriff to alter that return without defendant's knowledge, *Chambers* v. *Handley, 4 Bibb 284.*

Because an execution had been levied on assets here in the hands of a foreign administrator, no administrator having been appointed here, *Grant* v. *McDonald, 8 Grant Ch. 468.*

Cutter *v.* Kline.

of the building. All who acquire an interest thereafter, other than as owners, are concluded by the determination, though not formally made parties. *Jacobus* v. *Mut. Ben. Life Ins. Co., 12 C. E. Gr. 604.* The determination is expressed in the recorded judgment of the court.

While the court of chancery, in dealing with the lands subject to such a lien, may marshal the claim in its proper place and preserve ·its position as regards other encumbrances, that court has not been entrusted by the statute with the power of determining whether the lien can be enforced against the lands. The statute has entrusted that power to the circuit court. If the

Because the judge before whom an application for a new trial had been made, was, by reason of sickness, unable to determine it within the time limited by law, *Leigh* v. *Annor, 35 Ark. 123.*

Because a judgment in a suit against an alleged firm was rendered against one who was not a partner, nor served with process, *Purviance* v. *Edwards, 17 Fla. 140 ; Campbell* v. *Edwards, 1 Mo. 324.*

Because there was no real plaintiff, and no notice, *Nicholson* v. *Stephens, 47 Ind. 185.*

Because a school teacher recovered a judgment by consent for compensation as such, without having produced a certificate as required by statute, *Barr* v. *Deniston, 19 N. H. 170.*

Because the verdict was obtained on the testimony of one witness, whose answer was afterwards clearly contradicted in equity, *Verdier* v. *Hume, 4 Hen. & Munf. 479.* See *Vaughn* v. *Johnson, 1 Stock. 173; Peagram* v. *King, 2 Hawks 605 ; Burgess* v. *Lorengood, 2 Jones Eq. 457 ; Croft* v. *Thompson, 51 N. H. 536.*

Because a judgment in ejectment had been recovered against complainant, because the surveyor's certificate, by mistake, recited that complainant's survey was made by virtue of entry No. 964, instead of No. 946, the true number, and that there was, at the time of the trial, no official to give complainant a correct copy of the survey, *Wilson* v. *Kilcannon, 1 Overt. 201.*

Because the judgment was obtained by the sheriff's false return of a summons, *Owens* v. *Ranstead, 22 Ill. 161; Jones* v. *Neely, 82 Ill. 71 ; Hickey* v. *Stone, 60 Ill. 458.*

Because a judgment was affirmed through the judge's mistake in wrongly dating the bill of exceptions, *Kohn* v. *Lovett, 43 Ga. 179.* But see *Ford* v. *Weir, 24 Miss. 563.*

Because the summons was served on an agent of a corporation, who was not the proper official, *Southern Ex. Co.* v. *Croft, 43 Miss. 508 ; Grand Tower Co. v. Schirmer, 64 Ill. 106 ; Chambers* v. *Bridge Manf. Co., 16 Kan. 270.*

Because a justice of the peace issued an execution more than five years

latter court has, upon a proceeding duly commenced before it, adjudged the claim to be no lien thereon, no other court can question or reverse that decision, except upon review in the nature of a writ of error. When the proceeding to enforce such a lien results in a judgment against the builder alone, the owner is entitled to a judgment against the plaintiff. *Rev. p. 672 § 19.* This is evidently applicable only when the builder and owner are different persons, but when the same person is both builder and owner, a judgment against him as builder only, is a determination that the lands in question are not subject to the lien under the statute.

The record shows that such was the determination of the circuit court respecting the claim of Ayres, Lufbery & Co., representing the debt now owned by Kline. The decree below now imposes that debt as a lien on the lands. In so doing, the court of chancery has adjudicated upon a matter which the record shows was once judicially determined in the statutory mode.

If this judgment is not what the circuit court ought to have rendered, it could have been amended in that court on a proper application, or reviewed by a writ of error.

Whether the judgment is what the circuit court intended to render, cannot be questioned, because, as we have seen, the record must be considered as absolutely expressing such intention.

With these views of the case I think the decree below cannot be sustained.

This renders it unnecessary to consider the other questions

after the judgment had been rendered, contrary to the statute, *Givens* v. *Campbell*, 20 Iowa 79 ; *Stout* v. *Macy*, 22 Cal. 647 ; *North* v. *Swing*, 24 Tex. 193.

Because the clerk of the inferior court made a mistake in drawing an appeal bond, whereby the appeal was dismissed, *Saunders* v. *Jennings*, 2 J. J. Marsh. 513.

Because the private property of stockholders had been seized to satisfy a corporation debt, without certain statutory preliminaries having been complied with, *Hampson* v. *Weare*, 4 Iowa 13.

Because the clerk of the court neglected to set aside a judgment by default, and enter a plea as directed, *Mayo* v. *Bentley*, 4 Call 528.

Because the sheriff was plaintiff, and served his own process, *Knott* v. *Jarboe*, 1 Metc. (Ky.) 504.—REP.

discussed, which relate to the alleged laches of Kline in apply-ing for relief, and to the effect of the decree in the foreclosure of Cutter's mortgage, which established the priority of the mort-gage over the judgment, Kline and his assignors being parties defendant in the cause, and also to the effect of an omission to endorse the issuing of the summons on the lien claim.

The true remedy of Kline was to procure an amendment of the judgment by the circuit court. If he postponed his appli-cation to that court for so long as to render the refusal of the amendment proper, he may have lost his remedy. If not guilty of laches, it may yet be within his power.

For affirmance—SCUDDER, VAN SYCKEL, COLE—3.

For reversal—DEPUE, DIXON, MAGIE, REED, GREEN, KIRK—6.