24 N.J. Super. 553 (1953)
95 A.2d 29
NEW JERSEY CABINET AND MILL CO. INC., PLAINTIFF,
v.
JOSEPH CREEDON, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court Law Division.
Decided February 5, 1953.
*554 Mr. Lewis S. Jacobson, attorney for the plaintiff.
Mr. Jacques S. Lederman, attorney for the defendant.
MORRIS, J.C.C.
This matter came on to be heard by the court on motions brought by both plaintiff and defendant.
Judgment by default was originally entered in favor of the plaintiff on July 10, 1952, on a mechanic's lien claim. The complaint was filed and copies of the summons and complaint were duly served upon the defendant, Joseph Creedon, on June 17, 1952, on which date the said defendant was both builder and owner of the subject properties.
The plaintiff herein alleged in the complaint that it had supplied certain materials to the defendant, and that the defendant was both owner and builder of the described lands, and that $5,077.80 was unpaid.
Subsequent to the entry of the default judgment by the clerk of this court under Rule 3:55-2(a), the defendant Creedon instituted a proceeding under chapter XI of the *555 Bankruptcy Act. In the course of the same proceeding it was argued on behalf of Creedon that the default judgment entered in this court was a general judgment against him and not a special judgment against the lands. The ruling by the referee on this question was that the parties should seek an adjudication in the court in which the judgment was entered. In pursuance of this ruling counsel for both parties made motions before this court.
Defendant's motion requests this court to permit the defendant to vacate the judgment and permit him to file an answer setting forth certain defenses to the mechanic's lien claim action. Defendant claims that there were statutory requirements which the plaintiff failed to meet and that they constituted defects. The motion asks further that this court declare that judgment heretofore entered be a general judgment and not a special judgment.
Plaintiff, on its motion, seeks to have the judgment embrace the lands and buildings owned by the defendant as well as against the defendant personally; and asks further that the judgment be amended so as to specifically include the subject property.
The basic questions to be answered are whether or not this court had jurisdiction over the res as well as the person, and whether or not, if the court does have jurisdiction over both, should both be liable for the debt.
Jurisdiction in this matter is governed by N.J.S. 2A:44-104 which states:
"* * * and in all cases, judgment against the owner, shall be specially for the debt, to be made of the building and land described in the complaint.
The judgment shall determine the priority of the liens of the plaintiff and of any defendant."
I am also guided by equitable principles in determining the appropriate relief in this particular circumstance, and it is apparent that substantial justice can be served only by looking to the merits of the case. Here, plaintiff supplied *556 materials to the defendant which were incorporated into the new houses which the defendant was building on lands owned by him and for which materials he did not pay.
It is within the discretion of the trial court to amend a judgment where the judgment falls short of granting that relief which justice and equity require. Hogan v. Hodge, 6 N.J. Super. 55, 69 A.2d 893 (App. Div. 1949); LaBell v. Quasdorf, 116 N.J.L. 368, 184 A. 750 (Sup. Ct. 1936); Assets Development Co. v. Wall, 97 N.J.L. 468, 119 A. 10 (E. & A. 1922); Wilford v. Eisner Co., 13 N.J. Super. 27, 60 A.2d 222 (App. Div. 1951).
This power to vacate or correct a judgment in the interest of justice, while rooted in the case law, has been reiterated, strengthened and broadened in Rule 3:60-2 which states:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect; * * *
(6) any other reason justifying relief from the operation of the judgment or order. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
The rule referred to stems from Federal Rule 60(b), of which Mr. Justice Black, speaking for the United States Supreme Court, said:
"In simple English, the language of the `other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 69 Supreme Court 384, 390, 93 L.Ed. 266, 279 (1949).
To the same effect see Wilford v. Eisner Co., supra, Hogan v. Hodge, supra; Tsibikas v. Morrof, 12 N.J. Super. 102, 79 A.2d 64 (App. Div. 1951).
I turn now to the motion on behalf of the defendant wherein the court is asked to vacate the judgment for the purpose of allowing technical defenses. To allow this motion *557 would be to contravene the purpose and intent of the rules and cases cited above. It has been stated with convincing frequency by the courts and by text writers that legalistic technicalities should not be permitted to obstruct justice. Welsh v. Board of Education of Tewksbury Tp., 7 N.J. Super. 141, 72 A.2d 350 (App. Div. 1950). Indeed in Wilford v. Eisner Co., supra, it is stated:
"The power [referring to Rule 3:60-2] should doubtless be freely exercised when the enforcement of a judgment would be unjust, oppressive or inequitable as to the party moving to vacate it."
In studying the merits of the case before me I cannot see where it would be unjust, oppressive or inequitable for the defendant to have his properties liable for a debt which he owed and especially where those properties are already divested of his ownership for the purpose of paying creditors. While no argument is pressed on behalf of defendant which goes to the merits of the case, he strongly urged that this court has no power to determine whether the judgment entered is special or general under the decision of Cutter v. Kline, 35 N.J. Eq. 534, 538 (E. & A. 1882). I do not agree. In the Cutter case the court narrows the question before it as follows:
"It will be perceived that the question thus presented is not whether a court of chancery may control or even prohibit inequitable use of a judgment of a court of law, or the process issued thereon. Such a power has been long conceded to that court, and beneficially exercised. But the question here is whether the court of chancery may go behind the record of a court of law, and examine and determine whether the record has been correctly made up by the official charged with that duty, so as to express the judicial determination of the court; and whether, upon its conclusion that the record is erroneous, it may make the judgment other than what the record shows." (Emphasis supplied.)
Indeed, the referee in the bankruptcy proceeding must have had this case in mind when he referred the parties to this court of original jurisdiction for an adjudication.
*558 A portion of the opinion of Judge Jayne in Welsh v. Board of Education of Tewksbury Township, supra, answers well the argument advanced on both motions:
"The existing liberality in permitting amendments is bestowed to prevent legalistic technicalities from impeding, or obstructing, the paramount aspiration to promote substantial justice in all litigious controversies. The present progressive judicial policy is not, however, intended to afford a refuge to languid and dilatory litigants."
Defendant has had his day in court and should have raised his defenses then. I am not convinced that he has any legal or meritorious defenses to the suit.
Motion for the defendant to vacate the judgment or in the affirmative to have the judgment entered as a general one and not a special one is denied.
Motion by the plaintiff for the granting of an order amending the judgment heretofore entered, so that it is special against the lands as well as personally against the defendant is granted.