An agreed statement of facts was filed, from which it appears:
1-2. On May 12th, 1925, Hyman Pekarsky and Esther, his wife, executed a mortgage to Lena Goldinger to secure the payment of a bond in the sum of $6,000, five years from the date thereof, together with interest at the rate of six per cent. per annum upon land and premises described in the *Page 451 
bill. Said mortgage was duly recorded May 14th, 1925, in the clerk's office of Cape May county, in book No. 219 of mortgages, page 467, c.
3. Lena Goldinger died May 29th, 1927, testate, having appointed her son, Samuel Goldinger, sole executor.
4. Said bond and mortgage, on September 28th, 1927, was duly assigned to the complainant, David McKibbin. The assignment was recorded in said clerk's office on October 1st, 1927, in book No. 32 of assignment of mortgages, page 67.
5. On February 19th, 1926, said Hyman Pekarsky and wife executed a mortgage to one Toby Webber to secure the payment of a bond in the sum of $6,000, payable in two years with interest at the rate of six per cent. per annum upon the same lands and premises, which mortgage was recorded in clerk's office on March 5th, 1926, in book No. 257 of mortgages, page 10.
6. On May 28th, 1927, the said bond and mortgage were duly assigned to the complainant, David McKibbin. The assignment was recorded in said clerk's office on May 31st, 1927, in book No. 31 of assignment of mortgages, page 16.
7. That the principal sum of first-mentioned mortgage, with interest from November 12th, 1926, together with the sum of $221.25, premium on fire insurance, with interest from October 5th, 1927, is due and payable.
8. That the principal sum of second-mentioned mortgage, with interest from February 19th, 1926, is due and payable.
9. On August 6th, 1926, Harry Rothman filed a mechanics' lien claim in said clerk's office upon the lands described in said mortgages, alleging the amount due to be upward of $3,000, and that all the labor was performed and materials were furnished between August 17th, 1925, and May 27th, 1926.
10, 11, 12. That summons was issued and duly served on Lena Goldinger, Hyman Pekarsky, Toby Webber and a joint answer for all the defendants was filed, cause brought to issue and tried on April 26th, 1927, and a general judgment entered in the Cape May circuit court in favor of said plaintiff and against the defendants for the sum of $3,246.19, the amount of the verdict of the jury as directed by the court. *Page 452 
13. Execution was issued on April 29th, 1927, by virtue of which the sheriff sold "said property" on July 5th, 1927, to Samuel Goldinger for the sum of $3,750, of which sum he paid the sheriff $375.
14. Goldinger has refused to pay the balance of his bid.
15. On June 14th, 1925, Pekarsky leased said premises to Reuben Pekarsky and Morris Nordon for a term of five years at the yearly rental of $1,200. Said lease was recorded in the clerk's office on May 7th, 1927, in book No. 450 of deeds, page 331.
16. On September 19th, 1927, the Marine National Bank of Wildwood, New Jersey, caused a writ of attachment to be issued out of the Cape May common pleas, against said Hyman Pekarsky. Said writ was returned September 20th, 1927, duly executed and is a lien upon the said lands and premises subsequent to both of complainant's mortgages and to defendant Rothman's judgment.
17. On November 14th, 1927, complainant filed his bill to foreclose both of his said mortgages, and service was obtained upon all named defendants.
18. Rothman filed an answer.
19. Marine National Bank and Morris Nordon filed notices to report, and decree pro confesso was on January 16th, 1928, taken against Hyman Pekarsky, Esther Pekarsky and Samuel Goldinger.
20. On July 18th, 1927, one Johnson filed a bill in chancery against Hyman Pekarsky and others to foreclose a mortgage covering other lands of Pekarsky in Wildwood.
21. On November 21st, 1927, Rothman having given notice to report on his judgment, filed his affidavit with the master, claiming the sum of $3,359.80 due on his judgment, and in the final decree that sum was ordered paid him out of the proceeds of the sale of said mortgaged premises. At the sale thereof the proceeds were not sufficient to pay the encumbrances prior to Rothman's judgment and he received nothing on account thereof out of such proceeds.
In the brief of Harry Rothman it is contended that he should be subrogated to the rights of the complainant by taking an assignment of his claim upon payment of principal, *Page 453 
interest and costs. This question is not before us, as the counter-claim in which this was pleaded was by consent stricken out.
If counsel will stipulate the amount due the several parties, a decree will be advised, otherwise a reference will be made to a master to determine same.
The order of priority is:
1. Mortgage made by Pekarsky and wife to Goldinger, dated May 12th, 1925, and assigned to complainant.
2. Mortgage made by Pekarsky and wife to Toby Webber, dated February 19th, 1926, and assigned to complainant.
3. Judgment of defendant Harry Rothman entered April 26th, 1927.
4. Attachment Marine National Bank of Wildwood, New Jersey.
The judgment of Rothman was not a special judgment against the lands and premises described in the lien claim, but was a general judgment against the party defendants.
This court must be bound thereby, and cannot examine or determine whether it expresses the judicial determination of the court in which it was pronounced.
A judgment upon proceedings to enforce a lien claim may be general or special, or both. In the absence of fraud or imposition the court of chancery cannot, where the record shows a general judgment only, directly or indirectly impose the debt involved therein as a lien on the land in question. Cutter v.Kline, 35 N.J. Eq. 534.
It follows, therefore, that a general judgment cannot become a lien upon the lands of a defendant prior to the date of entering, although had it been a special judgment the fieri facias issued thereon would cover the estate which the owner had in the lands, at the commencement of the building, or which he subsequently acquired, subject to the mortgage and other encumbrances created and recorded prior to the commencement of said improvements.Mechanics' Lien Act (Rev. 1898) § 28; Comp. Stat. p. 3310.
If there was an error in the form of the judgment as entered, it could have been corrected upon application to the trial court.Otis Elevator Co. v. Stafford, 95 N.J. Law 79. *Page 454