This is an appeal from an order entered in the Hudson County Court denying an application to amend an order dismissing the third-party complaint filed by the defendant-appellant.
The plaintiff, James Hogan, filed his complaint seeking to recover for repairs made by him to premises located at 419-423 Pacific Avenue, Jersey City, New Jersey. The defendant, Walter F. Hodge, as Administrator C.T.A. and individually, filed his answer which contained a separate defense setting forth, in effect, that the premises were damaged by fire and insured by the Travelers Fire Insurance Co. and that the plaintiff had agreed that he was to be paid for the repairs from funds to be received from the Insurance Company. Thereafter, the defendant moved, pursuant toRule 3:14-1, for leave as a third-party plaintiff, to serve a summons and complaint upon the Insurance Company and, under date of October 6, 1948, such leave was granted. On November 5, 1948, notice was served by the Insurance Company of application for an order dismissing the third-party complaint. Under date of December 27, 1948, the court filed a memorandum in which it expressed the view that "Convenience would not be served by trying together" the plaintiff's action and the third-party complaint and on December 31, 1948, an order was filed providing that the third-party complaint "be and the same is hereby stricken out and dismissed without prejudice." *Page 57 
Several months after his third-party complaint was stricken, the defendant filed an independent complaint against the Insurance Company but this action was dismissed on the ground that it was instituted after the expiration of the twelve month period within which action could be instituted under the terms of the policies. By notice of motion filed July 25, 1949, application was made to the court for an order that the dismissal of the third-party complaint be amended and that it be reinstated for trial as a separate claim. See Rule 3:42-2. Although the affidavit supporting the motion was rather incomplete it disclosed that the fire had occurred on December 30, 1947, that the policies contained a twelve month limitation, that the order dismissing the third-party complaint was filed after this limitation had expired, that the defendant had been prejudiced by the court's action in dismissing rather than severing the third-party complaint, and that the relief was being sought underRule 3:60-2 which permits the court to relieve a party from a final judgment, order or proceeding for various reasons which are set forth in six classifications including "(1) Mistake, inadvertence, surprise, or excusable neglect" and "(6) Any other reason justifying relief from the operation of the judgment or order." The answering affidavit filed by the Insurance Company relied upon the assertion that the third-party complaint "did not properly constitute a part of the suit in which it was filed" and that its dismissal was correct. By order filed August 22, 1949, a County Judge other than the Judge who entered the order of dismissal, denied the application to amend. Since the record contains no Conclusions in connection with this denial, we are unable to ascertain whether it was grounded upon a supposed lack of power to grant the relief sought or for other reason. In any event, the defendant appeals therefrom and contends that its entry constituted error; on the other hand, the respondent contends (1) that the time for appeal from the order dismissing the third-party complaint had expired and that the application to amend constituted an improper attempt to extend the time for appeal and (2) that the evidence does not disclose any abuse of the *Page 58 
court's refusal to exercise its discretionary powers under Rule
3:60-2.
The practical effect of the dismissal order, actually filed on the day after the period of limitation had expired, was to bar any adjudication on the merits of the claim against the Insurance Company under the policies issued by it. The interests of justice were clearly otherwise and the rights of all of the parties would have been fully protected if the court had ordered that the third-party complaint be separated and tried independently. SeeRules 3:42-2, 3:21; Ciocca v. Hacker, 4 N.J. Super. 28
(App. Div. 1949). Presumably, all of the facts were not then brought to the court's attention and the dismissal rather than severance may well be deemed to have been the result of "mistake, inadvertence, surprise, or excusable neglect" within the contemplation of Rule 3:60-2.
The respondent contends that if the appellant considered himself aggrieved by the order dismissing the third-party complaint, he could have appealed immediately within the time allowed by Rule 1:2-5 and that he should not be permitted to enlarge his time for appeal by his application to amend and his appeal from its denial. The respondent's assumption that the dismissal order was final in nature and that the defendant had a clear right to appeal therefrom immediately, notwithstanding the then pendency of the main proceeding between the plaintiff and the defendant, is subject to question. See Rule 3:54-2;Baltimore O.R. Co. v. United Fuel Gas Co., 154 F.2d 545
(C.C.A. 4th 1946). It should be noted that in view of conflicting Federal decisions, Rule 54 (b) of the Federal Rules of Civil Procedure was amended in March, 1948, to provide that the court may direct the entry of final judgment upon one of several claims involved in an action, such as a third-party claim, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment;" otherwise the order "is subject to revision at any time before the entry of judgment adjudicating all the claims." See the Federal Advisory Committee Notes On Amended Rule 54 (b) reprinted in 2 Waltzinger, New Jersey Practice (1949), p. *Page 59 
864. Our Rule 3:54-2 is the same as the Federal rule as amended.
It may be that the dismissal order contemplated the entry of final judgment pursuant to Rule 3:54-2 although not in literal compliance with its requirements. Cf. Ciocca v. Hacker, supra,
and Tsibikas v. Morrof, 5 N.J. Super. 306 (App. Div. 1949), where this court, without objection by any of the parties, entertained appeals from orders dismissing counterclaims. See also New Orleans Public Belt R. Co. v. Wallace, 173 F.2d 145
(C.A. 5th 1949). However, the defendant's right to an immediate appeal was not at all clear; on the contrary, he might properly have considered that since there had been no express determination for the entry of final judgment as required byRule 3:54-2 the order dismissing his third-party complaint remained "subject to revision" at any time before disposition of the entire action.
Assuming that the order of dismissal was immediately appealable, the court nevertheless had ample power to entertain and grant the defendant's application to amend by directing that, in lieu of dismissal, the third-party action be severed. SeeRule 3:60-2; Markert v. Swift Co., Inc., 173 F.2d 517
(C.A.2d 1949); Klapprott v. United States, 335 U.S. 601,93 L.Ed. 279 (1949). In the Klapprott case the Supreme Court reversed the lower court's refusal to vacate an earlier judgment and, referring to the six classes of cases enumerated in Rule
60 (b) of the Federal Rules of Civil Procedure (our Rule
3:60-2), Mr. Justice Black said:
"In simple English, the language of the `other reason' clause, for all reasons except the five particularly specified, vests power in Courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."
We are satisfied that proper consideration of the facts, in the light of the "ever-broadening policy against the procedural frustration of just determinations between parties on the ultimate merits" (Ciocca v. Hacker, supra) dictated an exercise of the lower court's powers under Rule 3:60-2 to the end that the order dismissing the third-party complaint be amended to provide for a severance and separate trial *Page 60 
thereof. We recognize, as respondent stresses, that relief underRule 3:60-2 must be sought within a reasonable time and that greater alertness might have brought forth an earlier application by the appellant. Nevertheless, it must be borne in mind that the application was made well within the year's maximum referred to in the Rule and that the relatively moderate delay (Markert v.Swift Co., Inc., supra, at p. 520) did not in any wise prejudice the Insurance Company. It was advised early by the third-party complaint that the appellant was seeking an adjudication of his claim under the insurance policies and at no time was anything done to indicate its abandonment. Although the respondent was aware of the policy limitation, there is no suggestion that it was brought to the court's attention in connection with the dismissal order and respondent should have anticipated an application to amend when the appellant became aware of his plight. See Martin v. Lehigh Valley R.R. Co.,114 N.J.L. 243 (E. A. 1935). The appellant is entitled to a liberal application of our new Rules, particularly in these early stages when their understanding may not be complete. Cf.Mitchell v. White Consolidated, Inc., 177 F.2d 500 (C.A.
7th 1949):
"It may well be that their counsel, in the absence of wide-spread notice that the time for appeal had been reduced from 90 to 30 days, overlooked the change, but, if so, it would seem unjust to deprive their clients of a hearing upon their claims for substantial damages. Preston v. Aetna Life Ins. Co., 7Cir., 174 F.2d 10. The Rules of Civil Procedure reflect a well considered policy to simplify the assertion and trial of civil rights; they discourage technicality and form and seek to bring about determination of the rights of litigants upon the merits and, to that end, are to be liberally construed. Fakouriv. Cadais, 5 Cir., 147 F.2d 667. Under the circumstances of this case, considering the purpose and intent of the rules and their underlying motivation, we conclude that it would work an injustice to plaintiffs to invoke amended Rule 73 (b) against them. Accordingly we hold that they are excused from perfecting their appeal within 30 days."
The order entered below is reversed, without costs, and the cause is remanded to the County Court for further proceedings in accordance with this opinion. *Page 61