28 N.J. Super. 543 (1953)
101 A.2d 64
STEPHEN WHALEN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF GEORGE WHALEN, DECEASED, AND STEPHEN WHALEN, GENERAL ADMINISTRATOR OF THE ESTATE OF GEORGE WHALEN, DECEASED, PLAINTIFF,
v.
JAMES S. YOUNG, DEFENDANT-THIRD PARTY PLAINTIFF,
v.
CARL HELM AND L. & H. TRANSPORTATION, INC., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 26, 1953.
*545 Mr. Nathan Baker, attorney for plaintiff.
*546 Messrs. Pettit & Baker, attorneys for defendant third-party plaintiff.
Mr. Charles A. Rooney, attorney for third-party defendants.
DREWEN, J.C.C. (temporarily assigned).
This is a group of four motions. A brief foreword will explain them. On August 4, 1949 George Whalen, aged 19, came to his death in a collision of motor vehicles. On June 12, 1951 Stephen Whalen, father of decedent, was appointed administrator ad pros. and general administrator of decedent's estate. On June 14, 1951 the administrator ad pros. brought suit against defendant Young, who answered and counterclaimed. In January, 1952 Young filed a third-party complaint against Carl Helm and L. & H. Transportation, Inc., as third-party defendants, who, by motion returnable August 12, 1952, moved to dismiss the third-party complaint. The motion was granted. Thereafter the administrator ad prosequendum filed an amended complaint that includes as additional defendants the said Helm and L. & H. Transportation, Inc. The defendants last named now move for summary judgment on the amended complaint. This is the first motion before us. Subsequently the said Stephen Whalen, and Nellie, his wife, sought leave to be added as individual parties plaintiff in the main suit, and leave to file an amended complaint accordingly. This is the second motion before us. The next step in the procedure was the filing of a cross-claim by defendant Young against defendants Helm and L. & H. Transportation, Inc. The parties last named now move to dismiss the cross-claim, and in the alternative ask for certain other relief. This is the third motion before us. Young's cross-claim was thereafter amended, and motion to strike the cross-claim as amended, as well as for a denial of the right to amend, is the fourth motion before us.
The motions will be considered in their order, the first being that of Helm and L. & H. Transportation, Inc. for summary judgment on the administrator's amended complaint. *547 The ground of this motion is the alleged prior expiration of the statute of limitations. The first count of the complaint is for "death by wrongful act" (R.S. 2:47-1 to 6, in effect at the time of decedent's death, these sections being now substantially embodied in N.J.S. 2A:31-1 to 6). The count alleges the date of the accident from which death ensued as August 4, 1949, and makes also the pro forma allegation that the action is commenced within two years of the happening of the accident and the death of decedent. The wrongful death statute (R.S. 2:47-3) provides: "Every action brought under the provisions of this chapter shall be commenced within two years after the death of the decedent and not thereafter." There is no dispute that the action against defendants Helm and L. & H. Transportation, Inc., was not brought until January 26, 1953, decedent's death having occurred, as stated, on August 4, 1949. We are not here concerned with the halting of the statute by defendants' non-residence, as we shall be later in another connection. The reason for this is that actions for wrongful death under R.S. 2:47-3 are definitely omitted from the non-residence provision of R.S. 2:24-7. The strict two-year period of limitations therefore obtains. Non-residence, moreover, is not countervailed by the terms of R.S. 39:7-2, as will be shown in connection with the present motion as addressed to the second count. The situation as to the first count thus calls for the application of R.R. 4:58-3. Summary judgment is accordingly granted in favor of defendants Helm and L. & H. Transportation, Inc., on the first count of the amended complaint.
Now as to the second count. This is based on decedent's alleged pain and suffering and on the alleged expenditure for medical care in an effort to bring about decedent's recovery. The motion for summary judgment on the second count of the amended complaint is predicated on the seventh defense of the answer, which pleads the statute of limitations. R.S. 2:24-2 provided:
"All actions for injuries to the person caused by the wrongful act, neglect or default of any person or persons, firm or firms, *548 individual or individuals, corporation or corporations within this state shall be commenced within two years next after the cause of any such action shall have accrued, and not thereafter."
(The present N.J.S. 2A:14-2 which became effective January 1, 1952 is substantially the same.) For the purposes of this argument the non-residence of defendants Helm and L. & H. Transportation, Inc., within the terms of R.S. 2:24-7 is undisputed. The latter statute, as amended effective May 18, 1949 (L. 1949, c. 125, p. 495, sec. 1) reads:
"If any person against whom there is or may be a cause of action specified in sections 2:24-1, 2:24-2, 2:24-3, 2:24-5, 2:24-6, 2:24-16 or 2:24-17 of this Title is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation not organized under the laws of this State, against whom there is or may be such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person is not residing within this State or such corporation is not so represented within this State shall not be computed as part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of non-residence or non-representation."
The present statute, N.J.S. 2A:14-22, is substantially the same.
Another statute pertinent to our problem is R.S. 39:7-2, as amended effective May 21, 1949. It reads:
"Any chauffeur, operator or owner of any motor vehicle, not licensed as required by the provisions of article two of chapter three of this Title (Sec. 39:3-3, et seq.), who shall accept the privilege extended by law to nonresident chauffeurs, operators and owners of driving such a motor vehicle or of having the same driven or operated in this State without a New Jersey registration or license, shall by the acceptance and the operation of such motor vehicle within the State, make and constitute the Director of the Division of Motor Vehicles in the Department of Law and Public Safety, his or their agent for the acceptance of process in any *549 civil action or proceeding, issuing out of any district court, county court, or other court of civil jurisdiction, against such chauffeur, operator or the owner of such motor vehicle arising out of or by reason of any accident or collision occurring within this State in which a motor vehicle operated by such chauffeur or operator or such owner is involved. The acceptance of such privilege or the operation of such motor vehicle shall be the signification of such chauffeur or operator or such owner of his or their agreement that any such process against him or them which is so served shall be of the same legal force and validity as if served upon him or them personally." (L. 1949, c. 190, p. 635, sec. I.).
The moving defendants argue that their non-resident status has not prevented the running of the limitational period because process in plaintiffs' cause against them could at all times have been effectively served upon the official designated for the purpose in R.S. 39:7-2. I do not see what can be said in this regard for Helm and no real argument in his behalf is attempted. For the corporation it is contended that within the terms of R.S. 39:7-2 it was "represented in this State" in keeping with the legislative concept (R.S. 2:24-7). The two statutes must be appraised for their joint effect on the situation before us. In the operation of the non-residence provisions natural persons and corporations are disparate. Representation in this State relates to corporations only. Prior to its amendment in 1949 the statute (R.S. 2:24-7) contained no such provision. The amendment supplied it. Helm was a non-resident and the corporation had neither status nor representation in New Jersey. Was the limitational period, notwithstanding this, halted by their being made subject to service in this State under R.S. 39:7-2? The latter statute contains nothing that expressly modifies in any way the non-residence provision of R.S. 2:24-7, so that if it is to be given a modifying effect it will have to be by way of innuendo or implication.
The law that imposes limitations of time upon the right to sue for the redress of injuries, and conversely upon the liability to suits for such redress, involves matter of real substance. And such limitations are not to be thought of as in any way expanded or contracted by implications derivable ex arguendo from the language of statutes. In designating *550 a category of corporations "not organized under the laws of this State" and "not represented in this State by any person or officer upon whom summons or other original process may be served," R.S. 2:24-7 employs general terms, and we may not suppose that the completely negative corporate status thus described was, in the legislative intent, to be corrected by R.S. 39:7-2 with its single and particular device for service of process in actions of the one kind specified and no other. I think the purpose of R.S. 39:7-2 is manifest. It is not to relieve nonresident corporations of the legal consequences of their nonresidence. It is solely to provide a convenience in the institution of suits against such corporations in this State for injuries arising out of the operation of their motor vehicles within this State. The mischief toward which the statute is directed becomes obvious when we contemplate the situation that existed, and would still exist without the statutory device referred to, before the provision was enacted. The statute does not in the least mitigate the contrast between corporations organized in this State or duly licensed to do business here and those not so. The former are subject to process in any and every suit or cause that may be instituted against them, but the amenability of the latter is within the strict limitation already noted. And when the Legislature created the category of "corporation not organized under the laws of this State" and "not represented" in it (R.S. 2:24-7), I am convinced it did not mean to exempt from it those corporations whose only representation is that imposed by the Legislature itself by means of the device in question. Since the statutes together do not save nonresident natural persons from a halting of the statute, the argument that is made in favor of corporate preference in this regard leaves defendants in the position of proposing that there may well be a case in which the statute had expired against the corporate principal, owner of the vehicle, though still open as against the agent by whom, on the corporation's behalf, the vehicle had been driven. The ultimate effect of the statutes, as I construe them, is to leave the position of both parties identical
*551 Gotheiner v. Lenihan, 20 N.J. Misc. 119 (Sup. Ct. 1942), is a nisi prius decision that deals with the statutory designation of the named motor vehicle official as the representative for service of process in the instances specified. I think the pith of the decision is in the statement, 20 N.J. Misc. at page 122:
"It must be borne in mind that the provision as to the tolling of the statute is primarily for the benefit of the residents of this state and it does not effect the cause of action but only effects the right to prosecute the action in this state."
In Eckert v. New Jersey State Highway Dept., 1 N.J. 474, 479 (1949), the court declares:
"It is elementary that the intent of the Legislature is to be gleaned from the language of the statute and that courts cannot arbitrarily expand the scope of a statute beyond the plainly expressed Legislative intent."
And
"* * * where the wording of the statute * * * is explicit and clear, the court is not free to indulge in a presumption, arising from extrinsic evidence, that the Legislature intended something other than what it actually expressed. Excepting where uncertainty or ambiguity appears, the enactment must speak for itself and be construed according to its own terms."
Bass v. Allen Home Improvement Co., 8 N.J. 219, 226 (1951). In Hoffman v. Hock, 8 N.J. 397, 409 (1952), the Supreme Court reaffirms the familiar rule:
"We are enjoined to interpret and enforce the legislative will as written, and not according to some supposed unexpressed intention."
In Glick v. Trustees of Free Public Library, 2 N.J. 579, 584 (1949), the court said:
"The statute itself furnishes the best means of its own exposition; and the legislative purpose here is evident when the whole of the provision is related to the obvious policy and purpose. The intent is the essence and the life of the law."
See also Donohue v. Campbell, 98 N.J.L. 755 (E. & A. 1923).
*552 For the reasons stated the motion for summary judgment on the second count of the amended complaint is denied.
This brings us to the second motion. Decedent's parents move to be added as individual plaintiffs, and for leave to amend the complaint so as to include the proposed third and fourth counts, respectively for reimbursement of money outlay and other expenditures necessitated by the effort to bring about recovery from his injuries, and for funeral expenses; and for loss of services. The defendants contend that the causes of action thus set forth are covered by the two-year limitational period. We are asked to depart from the decision in Wagner v. Machetto, 7 N.J. Super. 547 (Law Div. 1950), in which it is held that actions like those pleaded in the counts in question are not within the two-year period of limitations relating to injuries to the person (R.S. 2:24-2). My own conclusion is the same. The two-year period does not apply to the claims in question. The item of funeral expenses, however, is not properly within the claim and to that extent the motion to amend is denied; otherwise it is granted.
The third motion is that of defendants Helm and L. & H. Transportation. Inc., to dismiss the cross-claim of defendant Young filed under the complaint in the main suit, as amended January 26, 1953. One of the grounds is that the cross-claim is "identical with and involves the same parties" as the third-party complaint that was dismissed by the court's order of August 12, 1952, following argument on the merits, as it is urged, and no appeal having been taken from the dismissal. The grounds stated in the notice of motion to dismiss the former third-party complaint are:
"A. It does not disclose that it is filed pursuant to order of the Court as required by Rule 3:14-1;
B. That there is no identity or relation between the plaintiff's claim against the defendant and the defendant's claim in the third party complaint, and the third party complaint is premature."
The cross-claimant does not deny that the parties and the causes in both claims are identical. His argument is that *553 the court, for all that appears, dismissed the former claim on the first ground stated in the notice of motion to dismiss, this being a strictly formal ground, or upon some other non-meritorious ground appearing sufficient to the court. Nothing in the order of dismissal is at variance with this contention. There is a factual dispute as to what precisely the court had before it to provide a basis for dismissal. But there are no proofs and I am not required to make findings. In any case, however, considering the limitations of the order of dismissal, I see nothing that relieves the present situation from the force of R.R. 4:42-2 (formerly Rule 3:41-2). The rule provides:
"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule 4:42-2 (b) and any dismissal not provided for in Rule 4:42 other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. * * *"
Counsel for the third-party plaintiff does not contend that the former dismissal was had under R.R. 4:42 nor that it was for lack of jurisdiction. He relies on Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949). That case has no precedent value that I can see. In it there was a complex of rights and equities relating in part to the limitational provisions of an insurance policy. The order for dismissal of the first claim, this having been without prejudice, was actually filed on the day after the period of such limitation had expired so that, as the Appellate Division stated, "The practical effect of the dismissal order * * * was to bar any adjudication on the merits of the claim against the Insurance Company under the policies issued by it," 6 N.J. Super. at page 58. The court declared that the claim under the circumstances should not have been dismissed, but severed. Examination of the opinion shows that the decision in Hogan v. Hodge, supra, is plainly distinguishable from the case here. It was in no way concerned with the application or construction of R.R. 4:42-2. It should be noted also that defendant Young, as third-party plaintiff, regardless of what may be said of his right to appeal from the dismissal of his *554 third-party complaint, certainly did have the right to make timely application for the amendment of the dismissal order so as to have it show expressly that it was non-meritorious, if it truly was so. No application of the kind was ever made. What the issue amounts to under this head is whether R.R. 4:42-2 means what it says, and I am unable to conclude but that it does and that it applies to the situation before us. In Hogan v. Hodge the cross-claimant was found to be "entitled to a liberal application of our new Rules, particularly in these early stages when their understanding may not be complete." But the portion of R.R. 4:42-2 that now concerns us has had its place in the rules from the beginning.
The direst aspect of this matter is urged in the cross-claimant's contention that what the third party defendants ask is, in effect, that the court make the dismissal of the former third-party complaint res judicata, adding that the dismissal cannot thus become a bar to a subsequent cross-claim without becoming equally a bar to a subsequent suit. The truth of this is, of course, obvious. But the cross-claimant's theory that the dismissal might have been ordered for any reason appearing sufficient to the court operates both ways. It admits the contrary hypothesis of dismissal for failure to state a cause of action, in which case, unless the dismissal were reversed, the cross-claim would be forever barred. Nevertheless, rules are to be observed not for their own sakes, but to serve the end in view; and I think it is not to be ignored that the grounds stated in the former dismissal notice were as set forth above. The first ground bears no relation to the merits, and the second ground stated, in effect, that the claim should not be incorporated in the present litigation but should be separately sued upon. In neither ground was there anything to warrant the third party defendants in asking an absolute bar to the claim. To deal with the matter now as working such a bar would, I think, be so drastic as to violate the true intendment of the rule (R.R. 4:42-2). I have decided, however, that the rule should have partial application, that is to the extent that it excludes the cross-claim from the present suit. It will not *555 be stricken, but severed for separate and independent trial. That course I judge to be most consistent with equal justice to the parties. There is precedent for it in Hogan v. Hodge, supra.
The third-party defendants raise the additional point under this motion that service upon the Director of the Division of Motor Vehicles under R.S. 39:7-2 is not effective in the institution of suit upon a cause of action like that set up in the cross-claim; that such service is limited to actions like that in the main case only. In Trautman v. Higbie, 10 N.J. 239 (1952), the Supreme Court implied its approval of Terminal Co. v. Stoicos, 24 N.J. Misc. 127 (Circ. Ct. 1946). At page 243 of 10 N.J. the court observes that in the Terminal Co. case
"* * * Justice Burling, while a judge of the Circuit Court, held that where a notice of motion to dismiss for lack of jurisdiction was coupled with a motion to strike out the affidavits filed, or in other words to strike out the whole proceeding, that such a motion was equivalent to a general appearance, the effect of which was to waive all objections to the jurisdiction of the court over the person of the defendant."
The grounds of the present motion to strike include one that is addressed to the jurisdiction (par. 1, e.) as well as one based on alleged identity between the present cross-claim and the third-party complaint previously dismissed (par. 1, a.). Success of the motion on the latter ground would mean, of course, a striking of the cross-claim in toto. It is my opinion that this renders the motion equivalent to a general appearance under the cross-claim. The Supreme Court points out in Trautman v. Higbie, supra, 10 N.J. at page 243, that "Rule 3:4-6 provides that a general appearance shall have the same effect as if the defendant had been served by the sheriff." The third-party defendants cannot prevail on this point.
Finally, it is argued that the cross-claim should be dismissed "for failure to state a claim upon which relief can be granted." The grounds of the motion to strike, as set forth in the notice, are numerous, in addition to which the *556 notice states that various kinds of relief will be asked in the alternative. However, the failure to state a claim on which relief can be granted is nowhere charged or noticed. It may well be that the claim does have the defect mentioned, but the point has not been argued so as to present it to the court for decision, in addition to which it is not, as already observed, within the scope of the notice. Moreover, trial of the cross-claim must await the determination of the main cause and may possibly become moot. The third-party defendants are free to move anew against the cross-claim on the ground here considered. If they do the point should be amply briefed.
The fourth and last motion before us deals with the amendment of the cross-claim. There would appear to be some doubt as to the status of this amended pleading as properly in the case. The contention for it is that it was filed as of right under the former Rule 3:15-1 (now R.R. 4:15-1). I have concluded to regard the amended cross-claim and the motion addressed to it as before me for decision. The motion rests upon two grounds. We are concerned only with the first, the second having been already considered upon the motion against the original cross-claim. The first ground is: "Said proposed amended cross-claim was served and filed subsequent to the service of a responsive pleading and pending a motion addressed to the original cross-claim and without the authority of the Court as required by Rule 3:15-1." The cited rule provides that a party "may amend his pleading as a matter of course at any time before a responsive pleading is served * * *." The defendant Young argues that no pleading responsive to the first cross-claim had been served, this being met by the contention that the motion to strike the first cross-claim constituted a responsive pleading. In view of a further provision of the rule the matter would appear to be academic. This provision is: "Otherwise a party may amend his pleading only by leave of court * * * and leave shall be freely given when justice so requires." If for no other reason than the severance of the cross-claim, its amendment at this time should be allowed. That is my decision.
*557 Objection is made to the substance of the amendment proposed. This consists of an elaboration of paragraph four which in the original alleged an agreement between Young and the other defendants that the latter would carry liability insurance as part of the consideration for Young's making the trip during which the accidental death of plaintiff's decedent occurred. The amendment adds to this the charge that the corporate defendant was obliged by regulations of the Interstate Commerce Commission to carry public liability insurance for Young's protection and that such insurance was "effective" during the trip. I do not think a different cause of action is thus presented, nor that the amendment in any way alters the ground for severing the cross-claim. The most compelling reason for this view is that without severance there would be injected into the trial the matter of insurance, an extraneous and disturbing factor in the factual determination of the negligence issues, as our courts have generally recognized.
The motion to dismiss the amended cross-claim is denied. The claim as amended will be severed and ordered to trial separately.