629 P.2d 1031

Joe JOBE and Bobbie Jobe, husband and wife, Third-Party Plaintiffs/Appellants,

v.

Louise B. KING, as Personal Representative of the Estate of William Walter King, Deceased, and Louise B. King, Individually and as wife of William Walter King, Deceased, and Kings "98" Ranchers, Inc., Third-Party Defendants/Appellees.

No. 2 CA–CIV 3866.

Court of Appeals of Arizona, Division 2.

May 29, 1981.

Richard G. Clemans and Robert E. Brown, Casa Grande, for third-party plaintiffs/appellants.

Lesher, Kimble & Rucker, P. C. by Michael P. Morrison, Tucson, for third-party defendants/appellees.

## OPINION

HATHAWAY, Chief Judge.

In this appeal we must decide whether the trial court properly dismissed a third-party action brought by appellants after appellees, third-party defendants below, moved for judgment on the pleadings pursuant to 16 A.R.S., Rules of Civil Procedure, rule 12(c).

On November 29, 1978, plaintiffs filed a complaint against appellants in contract for rent due on a 330-acre cotton farm, as well as rent due on a tractor and miscellaneous equipment for the farm. Appellants answered, admitting they had not paid rent owing under the rental agreements to plaintiffs. Appellants simultaneously filed a third-party complaint against appellees, who were in possession of the property adjoining the leased farm, alleging that appellees' cattle had strayed onto the leased farmland and damaged the cotton crop, resulting in damages of $70,000.

Appellees moved for judgment on the pleadings, contending that the third-party action against them did not lie because appellants did not seek indemnification from them, and that in any event, appellants were not entitled to indemnification. Appellants moved for leave to amend their third-party complaint to plead indemnity, and if that motion was denied, for severance of the third-party complaint from the original action, and for a separate trial of the issues. This appeal follows judgment on the pleadings for appellees and a dismissal of the third-party claim.

Appellants present three arguments for review. First, they contend the trial court erred in ordering dismissal of the third-party complaint because it validly stated a claim for indemnity. Second, they argue appellees' motion should not have been granted without first affording them an opportunity to amend their pleadings. Finally, they submit that the trial court should have alternatively severed the third-party claim from the original contract action for a separate trial.

Third-party practice is governed by 16 A.R.S., Rules of Civil Procedure, rule 14. The circumstances under which a claim may be asserted against a third party pursuant to this rule are very broad. *Ewing v. Goettl's Metal Products Co.*, 116 Ariz. 484, 569 P.2d 1382 (App.1977). The third-party plaintiff need only allege a substantive basis that the third-party defendant "is or may be liable to him for all or part of the plaintiff's claim against him." 16 A.R.S., Rules of Civil Procedure, rule 14(a). Un-

doubtedly, rule 14 was primarily intended to cover the situation where a third-party defendant is liable to indemnify the third-party plaintiff for any losses suffered. The rule is not limited to cases of strict indemnity, however, as our courts have recognized that the use of the word "claim" in the part of the rule just quoted is broader than the term "cause of action" and indicates an aggregate of operative facts. Thus, a party may be impleaded by third-party complaint, even though the original complaint is based on a different theory, if the claim against the third-party defendant arises from the same operative facts or transactions as in the original complaint. *Thornton v. Marsico*, 5 Ariz.App. 299, 425 P.2d 869 (1967); 3 Moore's Federal Practice, ¶ 14.07[1] (2nd ed. rev. 1980).

Appellants included a demand "[f]or damages equal to the amount of loss sustained by Third Party Plaintiffs by virtue of the loss of 211 bales of cotton" in their third-party complaint. They contend this demand constitutes a prayer for indemnity, and that under the facts of this case appellees are proper third-party defendants. We disagree. The relationship between the original contract claim and the third-party complaint is much more attenuated that in rule 14 cases where impleader has been upheld. *See Keister v. Laurel Mt. Development Corp.*, 70 F.R.D. 10 (W.D.Pa.1976). The failure to pay rent on a valid lease agreement involves an entirely different set of operative facts than do the events surrounding appellees' wandering cattle. Rule 14(a) is not a device for bringing into an action any controversy which may happen to have some relationship with it. 3 Moore's Federal Practice, ¶ 14.04 (2nd ed. rev. 1980).

*Costanzo v. Stewart Title & Trust*, 23 Ariz.App. 313, 533 P.2d 73 (1975), cited by appellants, is distinguishable. There, a builder-borrower who had been foreclosed upon by the lender was held to have a valid third-party claim against his escrow agent which held part of the sums the builder-borrower had originally borrowed from the lender. The successful foreclosure action

by the lender was held to have provided the basis for the borrower's claim-over against the third-party defendant escrow holder, since the same borrowed sums were involved in both transactions. The instant case appears to be much closer to the facts of *Keister v. Laurel Mt. Development Corp.*, supra, where third-party plaintiffs, liable to plaintiffs for failing to deliver deeds, attempted to implead third-party defendants on the theory that the reason the deeds had not been delivered was because third-party defendants were guilty of abuse of process in their own suits against the third-party plaintiff. As in *Keister*, the two claims herein are too unrelated to sustain jurisdiction under rule 14.

■ Since under any state of appellants' pleadings, impleader of appellees under rule 14 was improper, leave to amend was properly denied. *Frank v. Solomon*, 94 Ariz. 55, 381 P.2d 591 (1963), quoting *Beverage v. Canton Placer Mining Co.*, 43 Cal.2d 769, 278 P.2d 694 (1955); *Matter of Estate of Torstenson*, 125 Ariz. 373, 609 P.2d 1073 (App.1980).

■ Finally, appellants argue that even if a valid indemnity claim was not stated against appellees, they were entitled to have their third-party complaint severed and heard separately in a trial on the merits. Both parties recognize that many of the claims in the third-party complaint may now be barred by the statute of limitations. The practical effect of the dismissal below is to eliminate the majority of appellants' potentially valid non-indemnity claims against appellees for damage to their cotton crop. Under the facts of this case, we agree with appellants and hold that the trial court erred in not severing the third-party complaint for a trial on its merits.

■ Rule 14(a) provides that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." Rule 21 further provides that "[a]ny claim against a party may be severed and proceeded with separately." Appellees argue that a proper severance may only occur where a valid third-party claim exists. We fail to find such a requirement in these rules. The rules of civil procedure should

be construed liberally and in a reasonable manner in light of their purpose to obviate delay and to administer speedy justice. *Union Interchange, Inc. v. Benton*, 100 Ariz. 33, 410 P.2d 477 (1966). These rules were intended to abolish technicalities in order to secure a just determination of every action. *Dons Club v. Anderson*, 83 Ariz. 94, 317 P.2d 534 (1957). Appellants should not be left without a remedy because of a technical mislabeling of their cause of action as a third-party complaint.

Although we have found no cases directly dealing with the issue of whether an invalid third-party claim may be severed for trial as a separate cause of action, we agree with the conclusions reached by the court in *Hogan v. Hodge*, 6 N.J.Super. 55, 69 A.2d 893 (1949). There, a defendant's third-party claim against his insurer had been dismissed because "[c]onvenience would not be served by trying together" the initial complaint with the third-party action. The third-party plaintiff's subsequent separate action against the insurer was dismissed because it was brought after the expiration of the period within which actions could be instituted under the terms of the insurance policy. Thus, as here, a potentially valid underlying claim was lost because it was initially filed as a third-party complaint. The appellate court reversed the order of dismissal and remanded for a trial on the merits of the original third-party claim, holding that the lower court should have severed the third-party claim instead of dismissing it.

Although appellants' third-party complaint was dismissed for reasons other than convenience in trying the initial plaintiffs' action, the interests of justice compel us to follow the conclusion reached in *Hogan*. Here, as in *Hogan*, appellees were advised within the limitations period of appellants' entire cause of action. A severance would in no way have prejudiced appellees where the issues had already been joined and both parties were ready to proceed to trial.

The order dismissing the action against appellees is reversed and the cause is remanded for a separate trial on appellants'

complaint as if it had been properly severed.

HOWARD and BIRDSALL, JJ., concur.