NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE
————————————————————

LITTLE WING RANCH, LLC, an Arizona limited liability company,
*Plaintiff/Appellee*,

*v.*

STEVEN W. and DIANNA L. CARROLL, husband and wife; BRENT
ERDMANN and THOMAS FIELD, husband and husband; and JANET A.
CHRISP as trustee of the JANET A. CHRISP LIVING TRUST
dated September 6, 2011, *Defendants/Appellants*.

————————————————————

BRENT ERDMANN and THOMAS FIELD, husband and husband;
STEPHEN SAUNDERS as trustee of the STEPHEN LAWRENCE
SAUNDERS 1999 REVOCABLE TRUST DATED 05/06/99; STEVEN W.
CARROLL and DIANNA L. CARROLL, husband and wife; and JANET A.
CHRISP as trustee of the JANET A. CHRISP LIVING TRUST
dated September 6, 2011, *Plaintiffs/Appellants*,

*v.*

LITTLE WING RANCH, LLC, an Arizona limited liability company;
JEFFREY A. MCKENNA, ELIZABETH MCKENNA, husband and wife,
*Defendants/Appellees*.

No. 1 CA-CV 22-0320
FILED 5-23-2023
————————————————————

Appeal from the Superior Court in Coconino County
No. S0300CV202000348
No. S0300CV202000431
The Honorable Cathleen Brown Nichols, Judge

**VACATED AND REMANDED IN PART**

---

COUNSEL

Koeller, Nebeker, Carlson & Haluck LLP, Phoenix
By J. Daniel Campbell
*Counsel for Plaintiffs/Appellants*

Conant Law Firm, PLC, Phoenix
By Paul A. Conant, Melissa A. Emmel
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

---

**B R O W N**, Judge:

¶1        Steven and Dianna Carroll, Brent Erdmann, Thomas Field, Stephen Saunders as trustee of the Stephen Lawrence Saunders 1999 Revocable Trust, and Janet Chrisp as trustee of the Janet A. Chrisp Living Trust, (collectively "the Neighbors"), challenge the superior court's denial of their attorney fee applications stemming from consolidated litigation against Little Wing Ranch, LLC, and its members, Jeffrey and Elizabeth McKenna (collectively "Little Wing").  Because the court erred, we vacate that portion of the court's amended judgment and remand for further proceedings on the Neighbors' fee claim.

**BACKGROUND**

¶2        The parties owned neighboring parcels in the "Elk Tank Road Area" in northern Arizona.  Little Wing sued the Carrolls in July 2020, alleging they had obstructed an access easement.  The Neighbors sued Little Wing two months later, alleging it was "operating a for profit commercial guest ranch" in violation of the applicable covenants, conditions, and restrictions ("CC&Rs").  Little Wing counterclaimed, seeking declaratory relief and alleging abuse of process.

¶3        The Neighbors moved for summary judgment on their claim that Little Wing had breached the CC&Rs by using its property as a vacation rental.  On Little Wing's motion, the superior court consolidated

2

the two cases and later issued a minute entry stating that it was granting the Neighbors' motion. The court also directed them to file a proposed form of judgment.

¶4 The Neighbors did so and applied to recover attorneys' fees under paragraph 32 of the CC&Rs, which states that in a legal action filed to enforce the CC&R's, "the prevailing party in such action shall be entitled to recover its costs and attorney's fees." The Neighbors supported their application with a declaration from counsel that attached billing statements, listed each attorneys' billing rates, and opined that those rates were reasonable. In the declaration, counsel stated she was "informed and believe[d] that the clients have paid or have agreed to pay the . . . attorneys' fees claimed herein."

¶5 Over the next two months, the parties voluntarily dismissed or withdrew all other pending claims and counterclaims. The Neighbors then filed a supplemental fee application seeking additional fees. They supported this application with a new declaration signed by a different attorney who stated, as the first attorney declarant did, that he was "informed and believe[d] that the clients have paid or have agreed to pay the . . . attorneys' fees claimed herein."

¶6 On November 30, 2021, the superior court entered judgment permanently enjoining Little Wing from using its property as a rental or vacation rental. The court certified the judgment as final under Arizona Rule of Civil Procedure ("Rule") 54(c), stated that the Neighbors were "the prevailing part[ies] as to" their complaint, and ruled that they were "entitled to a Judgment for attorneys' fees against [Little Wing]." But the court did not enter a fee award; instead, it stated that "[f]ees and costs will be awarded in a separate subsequent judgment." The next day, the court entered an order denying the Neighbors' first and supplemental fee applications, concluding that they did not disclose the terms of their fee agreements as required by Rule 54(g)(4).

¶7 Several weeks later the Neighbors filed a second fee application, citing the court's findings that they were the prevailing parties and were "entitled to awards of fees and costs." The Neighbors supported this application with a new counsel declaration in which counsel again stated he was "informed and believe[d] that the clients have paid or have agreed to pay the . . . attorneys' fees claimed herein." The Neighbors also provided a redacted fee agreement between counsel and the Carrolls. Little Wing opposed the second fee application on several grounds, including that (1) it was duplicative of the earlier applications, (2) it was an untimely

motion to alter or amend the judgment or for reconsideration, and (3) it still did not disclose the terms of the relevant fee agreements. Little Wing also contended the Neighbors were not the prevailing parties because the parties had withdrawn or voluntarily dismissed nearly all their competing claims.

¶8　　　　　The court denied the second fee application "for the reasons stated in [Little Wing's] Response." The Neighbors filed a notice of appeal challenging that ruling. We stayed the appeal to allow the superior court to enter a proper final judgment. The court did so. In its July 2022 amended judgment, the court repeated that the Neighbors were the prevailing parties in the second case and were entitled to apply to recover attorneys' fees. The court again denied the Neighbors' first and supplemental applications based on non-compliance with Rule 54(g)(4) and denied the second application "for the reasons stated in [Little Wing's] Response." We have jurisdiction over the Neighbors' appeal under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**I.　　Compliance With Court Rules**

¶9　　　　　The Neighbors argue paragraph 32 of the CC&Rs is "mandatory" and thus obligated the superior court to award attorneys' fees. We review de novo whether a party is entitled to recover fees. *Thompson v. Corry*, 231 Ariz. 161, 163, ¶ 4 (App. 2012).

¶10　　　　Generally, the superior court lacks the discretion to refuse to award fees under a contractual provision. *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575 (App. 1994); *see also Heritage Heights Home Owners Ass'n v. Esser*, 115 Ariz. 330, 333–34 (App. 1977) ("Having found the restriction valid and having required its enforcement, the trial court was obliged by the contract to assess attorneys' fees and costs in favor of the enforcing party."). But the existence of a contractual fee provision does not absolve parties of their responsibility to comply with the applicable rules when requesting fees. *See Bocchino v. Fountain Shadows Homeowners Ass'n*, 244 Ariz. 323, 326, ¶ 15 (App. 2018) (rejecting argument that fees could be assessed under a contractual provision without "judicial approval"); *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270–71, ¶ 20 (App. 2007) (allowing fee recovery under a contractual provision because the applicant "submitted . . . fee applications consistent with the requirements"). We therefore reject the Neighbors' contention that the CC&Rs precluded the court from considering whether their applications complied with Rule 54(g)(4).

4

## II.     First and Supplemental Fee Applications

**¶11**         Under Rule 54(g)(4), the movant's affidavit "must disclose the terms of any fee agreement for the services for which the claim is made." Ariz. R. Civ. P. 54(g)(4).  The word "must" means that courts should award fees only if this requirement is met.  *See In re Restated Tr. of Crystal H. W.*, 249 Ariz. 355, 358, ¶ 8 (App. 2020).  That said, we construe procedural rules liberally and reasonably to obviate delay and administer speedy justice. *Jobe v. King*, 129 Ariz. 195, 198 (App. 1981); *see also* Ariz. R. Civ. P. 1.

**¶12**         As noted, the declarations supporting the Neighbors' first and supplemental fee applications stated that "the clients have paid or have agreed to pay the . . . attorneys' fees claimed herein."   This statement, standing alone, does not disclose the terms of any applicable fee agreement. The Neighbors contend, however, that they adequately disclosed those terms elsewhere in the declarations, citing *Magic Ranch Estates Homeowners Association v. Huffman*, No. 2 CA-CV 2018-0142, 2019 WL 6332422 (Ariz. Ct. App. Nov. 22, 2019).  In *Magic Ranch*, the defendant argued the plaintiff's failure to disclose the terms of its fee agreement left the superior court "to guess and speculate as to what [fee] amounts relate to the issues of this case, which are fraudulent," and "who did the work."  *Id.* at *9, ¶ 41.  We rejected that argument because the supporting affidavit "included a description of the fees as well as the work performed, and by whom."  *Id.*

**¶13**         Here, the supporting declarations disclosed which attorneys worked on the case, their hourly rates, and what work was performed and billed.  *See Barth v. Cochise County*, 213 Ariz. 59, 64, ¶ 19 (App. 2006) (stating that a fee affidavit "should include the hourly rate, the dates on which services were provided, the names of the persons who performed the services, what services were rendered, and the number of hours spent performing each one").  Little Wing nonetheless contended:

> Arguments an opponent would make, and adjustments a court would make, if the fee agreement terms were not shrouded in silence, are blocked by the nondisclosure. A fee application opponent is unfairly prejudiced in responding, and a reviewing court is left to guess or make assumptions, on significant issues.

But Little Wing objected to more than three-quarters of the Neighbors' initial fee application and nearly the entire supplemental application, belying its contention that its ability to object was "blocked by the nondisclosure."

**¶14** Little Wing also contends it was entitled to know "with whom the agreement to pay was made [and] who had made the payments." But it only vaguely contends, without citation to authority, that the failure to provide this information raises "a material issue" that "bear[s] on a court's decision about whether to award fees" and "deprives the opponent of grounds for objections." Contrary to Little Wing's contention, a fee award need not "equal or relate to the attorney fees actually paid or contracted." A.R.S. § 12-341.01(B). Moreover, fee awards "mitigate[] the burden of the expense of litigation by offsetting the amount *due [to] the attorney*," not amounts any particular clients paid. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 545 (1982) (emphasis added). Little Wing does not show that it suffered prejudice from not knowing which Neighbors paid the claimed fees.

**¶15** For these reasons, the superior court erred by denying the Neighbors' first and supplemental fee applications for noncompliance with Rule 54(g)(4). *See Jobe*, 129 Ariz. at 198 (stating that the Rules of Civil Procedure "were intended to abolish technicalities in order to secure a just determination of every action.").

## III.     Second Fee Application

**¶16** The Neighbors' second fee application sought to recover the same fees as the first and supplemental applications plus approximately $7,500 billed in August, September, and October 2021. We therefore address it separately.

### A.     Invited Error

**¶17** Little Wing contends the second fee application was the result of invited error. The invited error doctrine bars a party who "deliberately leads the court to take certain action" from "assign[ing] that action as error" on appeal. *Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 24 (App. 2021) (quotation omitted).

**¶18** Little Wing cites the Neighbors' inclusion of the statement that "[f]ees and costs will be awarded in a separate subsequent judgment" in their proposed forms of judgment, which the court included in its November 2021 judgment. It then correctly points out that the Neighbors cited this language as justification for filing the second fee application. The Neighbors do not contend on appeal, however, that the court's decision to include this language in the November 2021 judgment was error. We therefore decline to apply the invited error doctrine.

### B.     Timeliness

**¶19**          Little Wing also contends the second fee application was an untimely motion to alter or amend the November 2021 judgment.  Under Rule 59(d), parties must file a motion to alter or amend a judgment within 15 days after the entry of judgment.  Ariz. R. Civ. P. 59(d).  But the limitation only applies to judgments and orders from which an appeal lies.  Ariz. R. Civ. P. 54(a); *Jaynes v. McConnell*, 238 Ariz. 211, 214, ¶ 8 (App. 2015).

**¶20**          The November 2021 judgment did not resolve the Neighbors' fee claim.  The court instead denied the first and supplemental applications in a separate order entered the next day.  We have already determined that the order was not appealable.  We therefore reject Little Wing's contention that the second fee application was an untimely motion to alter or amend the November 2021 judgment.

### C.     Rule 54(g)(4) Objections

**¶21**          Little Wing also reasserts its Rule 54(g)(4) objections.  Like the first and supplemental applications, the Neighbors supported the second application with billing statements, this time for the newly incurred August–October 2021 fees, and a declaration setting forth the billing rates for each attorney.  The Neighbors also provided a redacted fee agreement between their counsel and the Carrolls.  The Neighbors also disclosed that their counsel "billed . . . on a monthly basis and expected to be paid within 15 days of the date of the invoice."

**¶22**          Little Wing contends the redacted fee agreement did not establish who was obligated to pay the fees.  This overlooks significant record evidence suggesting the Carrolls paid the fees.  First, the redacted fee agreement states that the Carrolls had retained counsel and that counsel would bill for their services.  Second, the supporting declaration attached "true and correct copies of the billing entries sent *and paid*," most of which identify the Carrolls as the clients.  (Emphasis added.)  The declaration also included a local counsel invoice that indicates it was submitted to the Carrolls.  Third, the Neighbors acknowledged in their reply supporting the second fee application that the Carrolls had "agreed to pay all the attorney's fees and costs" because they "had the wherewithal to pay to defend the neighborhood."

**¶23**          Little Wing also quotes the following passage from its objections to the second fee application, contending it was "unfairly prejudiced by the Neighbors' ongoing non-compliance with Rule 54(g)(4)":

What language might the extensive redactions preclude us and the court from seeing? Key language that would bear directly on the central issues which must be determined in an attorneys' fee application setting. For example, did someone else other than Steven and Dianna Carroll take on primary responsibility to pay attorneys' fees? Were the Carrolls only required to make fee payments in the event that the other party failed to pay, as a backup? . . . . Did the Carrolls find someone else to pay the fees in this case for them? Is it possible that the Carrolls paid no fees to attorney Campbell and his law firm? Or that they only paid a very small amount of attorneys' fees to Campbell and his law firm, much less than what the Court has been asked to award?

Little Wing speculates on appeal that the Carrolls' realtor, or perhaps his or her insurer, may have paid some or all of the claimed fees but cites no evidence to support that contention. In any event, "the fact that fees may ultimately be borne by third parties pursuant to an insurance or indemnity agreement does not prevent the successful party from meeting the requirements of A.R.S. § 12-341.01(B)." *Wilcox v. Waldman*, 154 Ariz. 532, 538 (App. 1987); *see also Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 267, ¶ 27 (App. 2004) ("[T]hat some portions of appellees' attorney fee expense was covered by insurance does not preclude the fee awards to appellees or otherwise establish any abuse of discretion in those awards.").

### D. Prevailing Party Determination

**¶24** Citing the superior court's statement that it denied the second application "for the reasons stated in [Little Wing's] Response," Little Wing reasserts its contention that the Neighbors were not the prevailing parties in the superior court.

**¶25** The July 2022 amended judgment states that the Neighbors "are the prevailing part[ies]" in the case they filed. Little Wing contends this finding is "not dispositive," but we cannot interpret that judgment in a way that would obviate it. *See Title Ins. Co. of Minn. v. Acumen Trading Co., Inc.*, 121 Ariz. 525, 526 (1979) ("If possible, a construction will be adopted that supports the judgment, rather than one that destroys it."). Nor can we say the court abused its discretion in determining the Neighbors had prevailed, as they won the only claim that was not withdrawn or voluntarily dismissed. *See Maleki v. Desert Palms Pro. Props., L.L.C.*, 222 Ariz. 327, 334, ¶ 35 (App. 2009) (prevailing party determination "will not be disturbed on appeal if any reasonable basis exists for it."). For these

reasons, we conclude the superior court erred in denying the second fee application.

## IV.     Attorneys' Fees and Costs on Appeal

**¶26**          Little Wing requests its attorneys' fees incurred in this appeal under section 32 of the CC&Rs and A.R.S. § 12-341.01(A).  Because Little Wing has not prevailed on appeal, we deny its request.

**¶27**          The Neighbors request attorneys' fees under section 32 of the CC&Rs.  We grant their request contingent upon compliance with ARCAP 21, although we reserve the discretion to limit the award to a reasonable amount.  *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 10 (App. 2012).  The Neighbors are also awarded taxable costs, subject to compliance with ARCAP 21.

### CONCLUSION

**¶28**          We vacate the portion of the July 2022 amended judgment denying the Neighbors' applications for attorneys' fees and direct the superior court to reconsider the applications and determine the amount of fees to be awarded to the Neighbors.  We express no opinion on whether the amounts claimed are reasonable.



AMY M. WOOD • Clerk of the Court
FILED:    AA